682    SUPREME COURT    [Nov. Term,

[Newsom v. Holesapple. (No. 155.)   Guy et ux. v. Newsom. (No. 156.)]

There is no error in the record and the judgment is affirmed.

# Newsom v. Holesapple. (No. 155.)

# Guy et ux. v. Newsom. (No. 156.)

*Statutory Actions of Ejectment.*

1. *Wills; construction when inartificially drawn.*—In considering a will the effort should be to arrive at the intention of the testator; and in arriving at this intention, when the will is so inartificially drawn as not to be easily understood, the court will consider the whole instrument and the circumstances surrounding the testator at the time of the execution.

2. *Defeasible estate; conditional fee.*—Where a testator gives to his grand-son certain property, with the condition that if the grand-son should die leaving no legitimate issue at his death, then the property should go to another named devisee, the grand-son takes a conditional fee, defeasible on his dying without issue; and, on his death without issue, the latter devisee, the contingent remainderman, becomes entitled to the property devised, for the recovery of which he may maintain an action of ejectment.

3. *Evidence; transcript of will.*—Where a will has been duly probated, a transcript of it from the records of the probate court, together with the proof of probate and the order of the court, properly certified, is, under the statute (Code, § 1984), admissible in evidence to the same extent as if the original will was produced; and the fact that such transcript was made out for and used in another case, does not render it less admissible in evidence.

APPEALS from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

These two cases were statutory actions of ejectment, brought by John E. Newsom on January 9, 1892, against James E. Holesapple and I. P. Guy and wife, respectively, for the recovery of certain lands specifically described in each of the complaints. In the case against Holesapple, No. 155, the lands sued for were thus described in the complaint: "The northwest quarter of the northeast quarter of section one (1) in township four (4), and range fourteen (14) (except two acres upon which

defendant's dwelling-house is located,) and which two acres are not claimed by plaintiff or sued for in this action." In the case against Guy, No. 156, the complaint described the lands sued for as follows : "All of fractional section thirty-one (31) in township three (3), range thirteen (13) west. All of fractional section six (6) in township four (4), range thirteen west. The southeast quarter (¼), of section one (1) in township four (4), range fourteen (14) west, and the northeast quarter of section one (1) in township four (4), range fourteen west (except forty acres in the northwest corner of the last described tract of land above.)" In each of the cases the defendants pleaded the general issue and adverse possession.

The plaintiff offered in each case to introduce in evidence a certified transcript from the records of the probate court of Franklin county, Alabama, in which court the will of Whitmel Rutland had been probated, which transcript included a copy of the will, the proof of execution, and the order of probate by the judge of the probate court. To the introduction of this transcript the defendant objected, and moved the court to exclude it from the jury upon the following grounds : "1. Because the paper purported to be a copy of the will of Whitmel Rutland, and the absence of the original was not accounted for. 2d. Because the will was not probated according to law. 3d. Because the copy offered was not certified according to law, and was not admissible as evidence in the case." The court in each case overruled these objections, permitted the transcript to be read to the jury as evidence, and to this ruling the defendants separately excepted. All the other facts, necessary to a full understanding of the decision in these cases, are sufficiently stated in the opinion.

In the case against Holesapple, No. 155, the court, at the request of the defendant, gave the general affirmative charge in his behalf, and refused a like charge for the plaintiff, and to each of these rulings the plaintiff duly excepted. In this case there was judgment for the defendant, and plaintiff appeals, and assigns as error the court's ruling upon the charges asked.

In the case against Guy and wife, No. 156, the court, at the request of the plaintiff gave to the jury the following written charge : "If the jury believe all the evidence

in this case, they should return a verdict for the plaintiff
for the land described, as all of fractional section thirty-
one, township three, range thirteen; all of fractional
section 6, township four, range thirteen, except the east
half thereof." The defendants duly excepted to the
giving of this charge, and also excepted to the court's
refusal to give the general affirmative charge in their be-
half. In this case there was judgment for the plaintiff,
and defendants appeal, and assign as error the rulings
of the court upon the evidence, and in giving the charge
asked by the plaintiff, and the refusal to give the charge
asked by the defendants.

The two cases are submitted together on this appeal.

J. B. MOORE, and ROULHAC & NATHAN, for John New-
som.—To arrive at the intention of the testator, it is the
duty of the court to consult the whole will.—2 Jarman
on Wills, p. 741; *Walker v. Walker*, 17 Ala. 296; *Miller
v. Flournoy*, 26 Ala. 724; *Griffin v. Pringle*, 56 Ala. 486;
*Hollingsworth v. Hollingsworth*, 65 Ala. 321; *Hemphill v.
Moody*, 62 Ala. 510. Appellant contends, as was said
by this court, with reference to this identical will in
*Newsom v. Thornton*, 82 Ala. 402, 8 So. Rep. 261, that it
is manifest that the "will was drawn by an unskilled
draftsman, inartificially, and without proper regard to
proper punctuation, capitalization, or a proper separa-
tion of the several clauses," and that the three clauses
12, 13 and 14, each being devises to Whitmel Rutland
Newsom should obviously be construed together, and
when so construed there is no doubt that it was the in-
tention of the testator to vest in Whitmel Rutland New-
som an estate to be determined in the event he should
die leaving no legitimate issue living at his death, as
provided in the 14th clause; and having died unmarried,
appellant was entitled to recover in this case.—9 Ala.
716; 18 Ala. 132; *Bethea v. Smith*, 40 Ala. 415; *McRce
v. Means*, 34 Ala. 349; *McVay v. Ijams*, 27 Ala. 238.

Under the will of the testator, Whitmel Rutland New-
som took an estate which determined on his death
leaving no legitimate issue living at his death; and hav-
ing died unmarried, his estate was a life estate only, and
during his life he could have conveyed no other interest
in the property than he possessed. No act of his could
affect the rights of appellant, who was executory devisee

of the property, in the event Whitmel Rutland Newsom died without issue.—Code, § 1826 ; 2 Washburn on Real Prop., 649–650 ; *Smith v. Cooper,* 59 Ala. 494; *Pickett v. Pope,* 74 Ala. 122; Code, §§ 1830–1838, 1842; *Pickett v. Pope,* 65 Ala. 487.

KIRK & ALMON, for J. C. Holesapple.—(1.) In the construction of a will an absolute gift will not be defeated by a subsequent repugnant clause, unless such clause is plainly a qualification or condition, evidently intended by the testator to be read as a part of the preceding clause.—*Chaplin v. Doty,* 60 Vermont 712; *Stowell v. Hastings,* 59 Vt. 494. (2.) The language used by the testator shows that as to a part of the land given to W. R. Newsom he acquired a conditional estate and as to the balance he got an absolute title.—*Barnes v. Boardman,* 149 Mass. 106. (3.) The word "issue," as used in the will and in the clause under discussion must be construed to mean heirs of the body.—*Holland v. Adams,* 3 Gray, 193; *Hall v. Hall,* 140 Mass. 269; *Palmer v. Horn,* 84 N. Y. 519. (4.) This clause of the will defeats the absolute title of Whitmel Rutland Newsom, acquired after a compliance with the conditions above mentioned. (5.) The rule is well settled that such expression of the testator's devise or wish will not convert a devise into a trust.—In re *Pennock's Estate,* 20 Pa. St. 268 ; *Jauretche v. Proctor,* 48 Pa. St. 466; *Bowlby v. Thunder,* 105 Pa. St. 173. (6.) If this clause of the will is operative to control the estate which W. R. Newsom should take under the will, and the word "issue," as used in the will, has reference to the heirs of his body, then the effect of it would be to create an estate tail as at common law, which was abolished in this State by statute before its execution.— Code of 1852, § 1300; *Smith v. Greer,* 88 Ala. 414, 6 So. Rep. 911 ; *Wikle v. McGraw,* 91 Ala. 631, 8 So. Rep. 341 ; *Slayton v. Blount,* 93 Ala. 575, 9 So. Rep. 241 ; 1 Washburn Real Property, (4 Ed.) 99–100.

R. C. BRICKELL and J. T. KIRK, for J. P. Guy and wife.

HARALSON, J.—Whitmel Rutland died in Franklin county in the year 1857, leaving a large landed and per-

sonal estate, which he undertook to dispose of by his last will. The will was dated 2d January, 1855, with a codicil added, of date February 19th, 1855, and both were duly proved and admitted to probate in said county on the 9th day of February, 1857.

By the first clause of the will of the testator, he gave to his daughter, Penelope M. Newsom, one half of his land which he had bought from one A. Barton "to be divided by a line running north and south, parallel with the section lines, it being the west half of said lands;" together with a number of slaves and other personal property. He added in reference to this devise : ":It is my desire that my daughter, Penelope M. Newsom, shall continue in and have free use of my dwelling-house, so long as she remains a widow." By the codicil to his will he gave to his said daughter, Penelope, "one half section of land, that is the west half of the section I live on, that was given to her in consideration of two thousand dollars paid by her husband, E. H. Newsom, on the purchase of said lands." We have quoted the language of the codicil.

These lands appear to have been given to the said Penelope absolutely; unaffected by any conditions imposed on the devices of them to her. The testator makes a number of specific bequests of personal property and money, and then he makes devises and bequests of the remainder of his land and personal property.

The will has no numbered *items*, but is written throughout without apparent reference to order or systematic arrangement. For the sake of convenience in construing the instrument, we number certain parts of it as *items* 12, 13 and 14, as has been done by council. According to that numbering, item 12 reads : (12) "I give and bequeath to my grand-son, Whitmel Rutland Newsom, upon conditions hereinafter expressed, the two quarter sections of land I bought of C. T. Barton and wife, being the northwest quarter of section one, and the northwest quarter of section No. 2, in township four and range fourteen west, west of Huntsville, and the east half of my lands according to quantity, to be divided between him and his mother by a line running north and south, parallel with the section lines, so that all the buildings may be on that part allotted to my grand-son, Whitmel Rutland Newsom, reserving however the life

time [right] of his mother (should she never marry), the said Penelope M. Newsom, in and to the dwelling house and out houses for the benefit of the family so long as she may live." The land last referred to in this item, the east half of which the testator gave to his said grandson, is evidently the land referred to in item *one*, the west half of which he gave to his said daughter, Penelope M., and designated as land bought by him from A. Barton.

The thirteenth item is as follows: (13) "I also give and bequeath unto my grand-son, Whitmel Rutland Newsom, the following described lands: the northeast quarter of fractional section six in fractional township four, range thirteen, also the northeast quarter of section one, township four, range fourteen west, also the southeast quarter of section No. six and the southeast quarter of section No. one in township four, range fourteen also."

(14) "I give unto my grand-son, Whitmel Rutland Newsom, upon the same conditions all the remainder of of my estate, not already given away, including negroes, stocks of every kind, crops of every description that may be growing or housed, provisions of all kinds, including notes, money, accounts and claims which I may have at my death, including also the increase either by birth or purchase, after the payment of all my debts and specified legacies. My will and desire is that all the property given conditionally to my grand-son, Whitmel Rutland Newsom, shall be kept together and worked on the land, and that my brother, Turner Rutland, now living with me may be and remain on the farm and be supported by his nephew, Whitmel R. Newsom, so long as said Turner Rutland shall live.

"Now my will and desire is that should my grand-son, Whitmel Rutland Newsom, should die leaving no legitimate issue at his death, then and in that case all the property of every kind and description herein devised conditionally to him shall go to and belong to my grandson, John Newsom, and in case my grandson John Newsom should die, leaving no legitimate issue living, shall go to and belong to my grand-daughter, Francis Pamelia Newsom, and her heirs forever."

The defendant in case 155 claims possession of the land under a title duly executed by said Whitmel Rutland Newsom, on the 20th of March, 1871, by which he conveyed to Sallie V. Holesapple, wife of defendant, the

absolute title to the land sued for. The conveyance was to the said Sallie V., "and her heirs and assigns forever." Item 13 of said will, which has been copied, embraces the lands sued for. The contention of the plaintiff is, that in and by the said will of said Rutland, the said Whitmel Rutland Newsom took only a life estate in all the lands devised to him by said testator in said three items of the will, with remainder to the plaintiff, and the said Whitmel R. having departed this life, in October, 1891, unmarried and without issue, as was shown, that plaintiff, under said will, became entitled to the possession of all of said lands, including that sued for in this action; whereas the defendant insists that an absolute fee simple estate was conferred on said Whitmel Rutland Newsom to the lands mentioned in said item 13. The same contention is made between the parties in case 156. In case 155 the court gave the general charge for the defendant, and refused a like charge for the plaintiff. In case 156, it gave the general charge for the recovery of certain lands sued for, mentioned in the charge, and refused the general charge for the defendant, holding that item 13 conveyed an absolute and the other a life estate merely to said Whitmel R.

We are invited by this appeal to construe said will, and to pass upon the rulings of the court in both cases, submitted together on the same evidence. This will has been before this court in another case for construction, but not upon the point now raised. The question there presented and discussed has no bearing upon this case. It was said by the court, however, that said will was drawn without regard to proper punctuation, capitalization or a proper separation of the clauses.—*Newsom v. Thornton*, 82 Ala. 404, 8 So. Rep. 261. In arriving at the intention of a testator in a will so bunglingly drawn as this one was, we may look at the whole instrument and the circumstances which surrounded him at the time.—*Wolffe v. Loeb*, 98 Ala. 426, 13 So. Rep. 744. It is evident, after making what he thought was a competent provision for his widowed daughter, Penelope Newsom, that the chief object of his bounty was his grand-son, Whitmel, to whom he gave the larger part of his estate, with certain conditions which he desired to impose upon the gift. It is with these conditions we have to deal in construing his will. It has been seen he

gave by the first item of the will the west half of sections of land to be divided by a line running north and south, parallel with the section lines, to his said daughter, Penelope. He identifies these sections by referring to them as the lands he purchased from A. Barton. He also stipulates, in that item, that his said daughter should have the use of the dwelling-house, so long as she remains a widow. The dwelling-house could not have been on the land he gave her, or else this last provision was useless. It satisfactorily appears in evidence it was on section 31, township 3, range 13. By his codicil he also gave to his said daughter, in consideration of $2,000 paid by her husband, E. H. Newsom on the purchase of said land, the west half of the section he lived on, which was shown to be section 31, township 3, range 13.

Referring now to items 12, 13 and 14, it will be seen, that he opens the devises and bequests to his grand-son, Whitmel, in this language: "I give and bequeath unto my grandson, Whitmel Rutland Newsom, *upon conditions hereinafter expressed*," certain designated real estate, including the east half of his land, and as he expresses it, "according to quantity to be divided between him and his mother [who was the said Penelope M. Newsom], by a line running north and south, parallel with the section lines, so that all the buildings may be on that part allotted to my grand-son, Whitmel Rutland Newsom, reserving however the life time [right] of his mother (should she never marry), the said Penelope M. Newsom, in and to the dwelling-house and out-houses, for the benefit of her family so long as she may live." When we take what is here said, in connection with the provisions for his said daughter, Penelope, in the first item, it is manifest, as before stated, that the east half of the section here given to his said grand-son is the same section, the west half of which he gave by the first item to said Penelope. But, what is meant by the words, "Upon conditions hereinafter expressed?" Most certainly, as to the devises of these lands, to every thing that follows, which imposed any burden or condition on the property the testator was bestowing on his grand-son, whether light or heavy, which made his tenure of it short of an absolute title, to dispose of as he pleased. This provision in favor of said Penelope for the use of

44

the dwelling and other houses on the curtilage, for herself and family so long as she lived, was evidently one of the conditions to which the testator referred, in making his devise to his grandson.

In the next item, 13, out of which this litigation grows, the testator, immediately after item 12, with a comma between, as shown by the record, adds, "I also give and bequeath to my grand-son, Whitmel Rutland Newsom, the following lands," describing them. The word *also*, as here employed, means likewise, in like manner. At the end of said item 13, the testator continued: "Also, I give to my grand-son, Whitmel Rutland Newsom, upon the same conditions, all the remainder of my estate, not already given away, including negroes," &c. He adds another condition, to those already stipulated, and which applies to all the property he gave to his said grandson, viz., "My will and desire is that all the property given conditionally to my grandson, Whitmel Rutland Newsom, shall be kept together and worked on the land, and that my brother, Turner Rutland, now living with me may be and remain on the farm and may be supported by his nephew, Whitmel R. Newsom, so long as said Turner Rutland may live." But the intention of the testator, in the way of imposing conditions on the devises of the estate he bestowed on his grand-son, did not stop here; and he adds, "That should my grand-son, Whitmel Rutland Newsom, die leaving no legitimate issue living at his death, then and in that case all the property herein devised conditionally to him, shall go to and belong to my grand-son, John Newsom," &c.

We see no reason for supposing that the testator did not intend to impose these conditions on the lands described in item 13. What purpose did he have in not so doing? They did not constitute, so far as appears, a separate farm. They do not even lie together in a body, or adjoin. Besides, a part of the same land included in this item,—viz., the N. E. ¼ of fractional section 6, township 4, range 13,—which it is said was devised absolutely, is embraced in the lands devised in item 12 (being the E. ½ of lands bought of A. Barton), which are admitted to have been devised subject to condition. This duplication of the devise, unnecessary to have been made, is in keeping with the general unskill-

1893.] OF ALABAMA. 691

[Newsom v. Holesapple. (No. 155.) Guy et ux. v. Newsom. (No. 156.)]

fulness apparent throughout the instrument. After all this, it is manifest he did not intend any of the lands devised to be free of the conditions he imposed on the others.

Our conclusion is, that Whitmel Rutland Newsom took no estate under his grandfather's will, except upon condition, and that having died without issue, he took a conditional fee only, in all the real estate devised to him under said will, defeasible on his dying without issue, and on his death without children, John Newsom became entitled to it, subject to the conditions therein imposed on it as to him.—Code, 1852, § 1302; *Mason v. Pate*, 34 Ala. 379; *Goldsby v. Goldsby*, 38 Ala. 404.

The transcript of the will was properly admitted in evidence. It was made out for and used in another case, but that did not render it less admissible in these causes. The will was duly probated, and it and the proof of probate, properly certified, was admissible in place of the original.—Code, § 1984.

Both cases—Nos. 155 and 156—were here submitted to be tried together. The charge in favor of the defendant, Holesapple, in No. 155 was erroneous. The general charge requested by plaintiff should have been given. In No. 156, the plaintiff, Newsom, requested the general charge for the recovery of certain designated lands sued for, which was given, and the general charge requested by defendants, Guy and wife, was refused. There was an inadvertent error in this charge of the court to the jury, given at the instance of the plaintiff, in excepting from the lands the court charged them the plaintiff was entitled to recover, the E. ½ of section 6, township 4, range 13, instead of the W. ½ of said section. The charge should also have excepted the W. ½ of section 31, township 3, range 13. These lands, as we have seen, were given by the will to Mrs. Penelope M. Newsom. This error in the charge was followed in the verdict and judgment entry, and the cause will have to be reversed on that account. Otherwise than as stated, the charge of the court for the plaintiff was free from error.

The judgment in each case is reversed and remanded.