# Newsom v. Guy.

*Statutory Action of Ejectment.*

1. *Ejectment; suggestion of three years adverse possession not inconsistent with plea of not guilty.*—A mere statutory suggestion of three years adverse possession, made with a view to the ascertainment of and allowance for the value of permanent improvements (Code, §§ 2702–2705), not being a defense or plea to the action of ejectment, can not be stricken out as repugnant to or inconsistent with the plea of "not guilty."

2. *Same; repugnant or inconsistent pleas; error without injury in rulings, as to.*—In a statutory action in the nature of ejectment, where the general issue has been pleaded, a refusal by the court to strike out special pleas, on the ground that they are all embraced in the general issue, does not injure the plaintiff, and is not cause for a reversal on an appeal by him.

3. *Conflict between judgment entry and bill of exceptions; when the lat-*

*ter controls.*—Where the judgment entry and the bill of exceptions are conflicting in respect of what a party offered in evidence on the trial below, the bill of exceptions must control.

4. *Wills; when purported codicil not operative.*—In the trial of a statutory action of ejectment, involving the question of the disposition of the land in suit by a testator, a writing called by the testator a "codicil," and upon the same sheet of paper on which the will was written, but which was not duly executed by the testator, and was never propounded for probate or probated as a codicil, is not to be considered at all.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

This was a statutory action of ejectment brought by the appellant, John E. Newsom, against I. P. Guy, E. M. Guy and W. C. Holesapple. The complaint was amended by striking out the name of W. C. Holesapple as a defendant. E. M. Guy pleaded : (2) That the land sued for was hers, and she was not guilty of unlawfully detaining it from the plaintiff. (3) She suggested an adverse possession for more than three years, and the erection of valuable improvements on said land. (4) Ten years adverse possession. (5) Adverse possession for ten years, with color of title. (6) Adverse possession for more than twenty years. I. P. Guy pleaded that he was in possession of the land sued for as tenant. The plaintiff moved to strike out E. M. Guy's third plea, as inconsistent with her second plea. This motion was overruled. The plaintiff then moved to strike out her first, second, third, fourth, fifth and sixth pleas, which motions the court severally overruled. The abstract does not set out E. M. Guy's first plea. The will and the purported codicil referred to in the opinion, and other material facts, are set out in the report of *Newsom v. Holesapple,* and *Guy v. Newsom,* 101 Ala. 682. There was a judgment for the defendants, and the plaintiff appeals.

J. B. MOORE and J. H. NATHAN, for appellant.—The second plea of E. M. Newsom is a plea of not guilty; her third plea sets up adverse possession for three years, and a claim for permanent improvements. These pleas are inconsistent. The court erred in not striking out the third plea.—74 Ala. 408 ; 89 Ala. 448 ; 88 Ala. 346 ; 99 Ala. 538. The so-called "codicil" was not attested by two witnesses, and was never probated in the Pro-

[Newsom v. Guy.]

bate Court. It cannot be recognized as valid in any respect.—35 Ala. 628 ; 41 Ala. 391; 21 Ala. 580.

KIRK & ALMON, *contra*—There was no error in the rulings to strike out pleas.—*Cotton v. Ward*, 45 Ala. 359 ; *Wagner v. Turner*, 73 Ala. 197 ; *Turnipseed v. Fitzpatrick*, 75 Ala. 305. The will and codicil were construed in *Newsom v. Holesapple*, 101 Ala. 682 ; The plaintiff relied on the will and codicil. This dispensed with the necessity of defendants offering proof of the due probate of the codicil, if the record offered by the plaintiff was not sufficient. Appellees contend that the will and codicil, as shown by the record in evidence, were probated as one instrument. The certificate of the Probate Judge has reference to the whole of the contents of the paper, and, as the codicil was attached to the will, and recorded, it was a part of the probated will.

McCLELLAN, J.—The motion to strike from the file that which is termed by plaintiff the defendants' third plea was properly overruled. This was not a plea at all, but a mere statutory suggestion of three years adverse possession, made with a view to an ascertainment of and allowance for the value of permanent improvements.— Code. §§ 2702–5. This suggestion may be made in any action for the recovery of land, and, not being a defense or plea to the action, there can be no warrant in any case to say that it is repugnant to or inconsistent with the plea of "not guilty," which presents all defenses to this class of actions. The special *pleas* might well have been stricken out for the reason that they were all embraced in the general issue, but the court's refusal to strike them did not injure the plaintiff.

On a former appeal in this case (101 Ala. 682), it appeared or was assumed by the parties and the court that both a will and a codicil thereto of Whitmel Rutland was executed by him, and duly probated in the probate court of Franklin county in 1857 ; and, upon this state of case, it was held that Penelope M. Newsom took a fee in the land in suit under the codicil as read and construed in connection with the original will ; and there can be no doubt of the correctness of that conclusion if the codicil is to be taken as part of the will. But, in

[Newsom v. Guy.]

the record now before us, it is made to appear that the
writing which purports to be a codicil was not executed
by the testator with the formalities essential to its oper-
ation as a testamentary disposition of real estate, and
that it was never propounded for probate or probated as
a codicil at all. The court below, however, reciting in
its judgment entry that ''the plaintiff then announced
in open court that in this suit he claimed title to the
land sued for only under and by virtue of will and
codicil of Whitmel Rutland, offered in evidence,'' ruled
that the codicil was to be taken as a part of the will,
and that, proceeding on this theory, the plaintiff was
not entitled to recover, because, under the codicil, Pene-
lope M. Newsom took an absolute title to the land in
suit, and the defendants had succeeded to that title.
The bill of exceptions, as its contents are presented here
in the abstract, does not bear out this recital of the judg-
ment entry in respect of what was offered in evidence.
On the contrary, it shows that the plaintiff did not offer
the codicil, but only the original will, the writing called
by the testator a ''codicil'' coming to the eye of the
court only because it was upon the same sheet of paper
on which the will was written. The statement in the
abstract is as follows: ''On the trial of the cause the
plaintiff below proved the following facts: That Whit-
mel Rutland lived and died in that part of Franklin
county, Alabama, now forming a part of Colbert county;
that he died in the year 1857; that on the 2nd day of
January, 1855, he executed his last will and testament,
attested by three witnesses, to-wit, David C. Oats, Al-
exander Malone and Hector Atkisson; that on the 19th
day of February, 1855, he attached to said will a pur-
ported codicil, attested by only one witness, to-wit, Hec-
tor Atkisson. Plaintiff below introduced a duly certi-
fied transcript from the records of the probate court of
Franklin county, Alabama, showing that said will was
duly proven in said court on the 9th of February, 1857,
and admitted to record; that it was proven by each one
of the three subscribing witnesses; and that the pur-
ported codicil to said will was not proven, or even
noticed or mentioned, in said court.'' The abstract
further sets forth in another place that ''the will of
Whitmel Rutland, with the purported codicil, the pro-
bate of said will, the testimony of the subscribing wit-

nesses before the probate court of Franklin county, Alabama, on the probating thereof, and the order of the court admitting said will to record, are as follows and were read in evidence on the trial of said cause." Then follows a copy of the will and the purported codicil, and following these is the entry from the records of said probate court probating the will, in this language :

"The State of Alabama, ........................
...... Franklin county, ...........................
..........Court of Probate, in and for said county, and being the 9th day of February, 1857, and the second Monday of said month, special term of said court. This day came Whitmel Newsom, the proponent, and duly propounded to said court for probate a certain writing or paper purporting to be the last will and testament of Whitmel Rutland, deceased, late of said county, dated the second day of January, eighteen hundred and fifty-five ; and it appearing to the satisfaction of the court that Hector Atkisson, David C. Oats and Alexander Malone were the subscribing witnesses to the same, they are therefore duly sworn in open court as witnesses to testify in the premises, and they do severally depose and say as followeth : said Atkisson testifies that said testator was to him well known and signed and sealed the said will in his presence, and the other two subscribing witnesses, David C. Oats and Alexander Malone, do each testify that they were well acquainted with said testator, and that he called on them, and requested them to subscribe as attesting witnesses to the same, and that he, said Whitmel Rutland, declared the said instrument to be his last will and testament, and that he signed, sealed and delivered the same; and all of said witnesses do each state that they all subscribed and attested said will in writing with their names in the view and presence of said testator and in the presence of each other, in this county; and they do each say that they were well acquainted with said Whitmel Rutland, the testator, and, at the time of making and attesting aforesaid, he was of sound and deposing mind, in the full enjoyment of his mental capacity, and that he lived and died in said county. In testimony of all which they, the said witnesses, have and do hereto here now set their names in open court. This 9th

day of February, 1857.　D. C. Oates, Alexander Malone, Hector Atkisson."

"The State of Alabama, Franklin county.　I, James H. Trimble, Judge of the Court of Probate of said county, certify that the foregoing will of Whitmel Rutland, deceased, was this day, at a special term of said court, duly proven and recorded, with the proof hereto attached, and which was this day duly recorded in Book of Wills, lettered B., pages 237, 238, 239, 240 and 241. In testimony whereof, I have hereunto set my hand and seal of said court.　At office in the town of Frankfort, this the 9th day of February, 1857.　[Seal]　James H. Trimble, Judge."

We do not understand from the foregoing that the plaintiff offered the codicil in evidence, but, to the contrary, it seems clear that he offered and relied upon only the original will as the basis of the title under which he claimed; and, this appearing by the bill of exceptions, where only it can be properly shown, it, rather than the recital of the judgment entry, must control in respect of what the plaintiff offered in evidence.　Nor do we think that the recital of the judgment entry that plaintiff announced that he claimed only under the will and codicil of Whitmel Rutland should conclude the plaintiff. This, too, was properly matter for the bill of exceptions, where it does not appear.　But, apart from this consideration, in view of what the plaintiff proved as to the will and codicil,—that the former was duly executed and the latter was not, and that the one was propounded for probate and duly probated, and the other was neither propounded nor probated,—the recital in question may be fairly taken to show that plaintiff made this announcement rather to indicate the source of his title— that it came from Whitmel Rutland—than as a statement of the muniments by which it was transmitted into him.　And we therefore conclude that the question involved is to be determined without reference to said recital in the judgment entry, that is to say, upon the terms of the will.　And, it having been made to fully appear that the purported codicil was never, and is not, operative in the premises, for that it was neither duly executed nor probated, we must look to the original will. Confessedly, on the will itself the lands in controversy did not pass to Penelope M. Newsom in fee, and hence

the title to them is not in the defendants, but is in the plaintiff. The court below erred in giving the affirmative charge for the defendants, and in refusing to give the like charge requested by the plaintiff.

Reversed and remanded.