# Nashville, Chattanooga & St. Louis Railway *v.* Hobbs, *et al.*

### Statutory Action of Ejectment.

1. *Eminent domain; jurisdiction of probate court in condemnation proceedings; lands to be condemned should be properly described in application.*—Under the statute providing that any corporation organized under the laws of this State, proposing to take lands or to acquire an interest or easement therein for any use for which private property may be taken, may apply to a court of probate· for an order. of condemnation thereof to such use, (Code of 1896, § 1712; Code of 1886, § 3207), in order to confer jurisdiction of such proceeding on the probate court the application must describe the particular property sought to be condemned; and such application marks the limits of the jurisdiction to be exercised by the court in condemning the lands to the use of the applicant.

2. *Same; same; when decree of condemnation of lands other than those described in the complaint void.*—Where, in an application filed by a railroad company in a court of probate asking for the condemnation of a right of way the lands sought to be condemned are specifically described, but the report of the commissioners appointed to assess the damages and compensation for the right of way, and the decree of condemnation entered upon such report each describe different lands from those described in the application, the proceedings are void and such decree of condemnation is a mere nullity and confers upon the applicant no legal title to the right of way sought to be condemned thereby.

3. *Same; ejectment; when condemnation proceedings inadmissible.*—In an action of ejectment against a railroad company, where the defendant claims a right of way over the lands sued for under a judgment in a condemnation proceedings instituted by the defendant against the plaintiff, and it is shown that in such proceedings, though the application contained no mention or de-

[Nashville, Chattanooga & St. Louis Railway. v. Hobbs, et al.]

scription of the land sued for, both the report of the assessment of damages by the commissioners and the order of condemnation described such lands, neither the entire report of such condemnation proceedings nor the application, report or order are admissible in evidence.

4. *Same; same; guardian and ward; when receipt by guardian does not estop ward from claiming legal title.*—In an action of ejectment brought against a railroad company, where the defendant claimed the right of way over the land in controversy under a judgment in condemnation proceedings brought by the defendant against the plaintiffs who were at that time minors and represented by a guardian, but such proceedings were void and the decree of condemnation a nullity, the facts that the guardian of the infant owners of the land received the amount assessed as damages in the condemnation proceeding and accounted for the same in settling with his wards, and executed a deed to the right of way to the defendant, do not work an estoppel aga nst the plaintiffs in such action, and evidence of such facts are inadmissible; the legal title to the lands sued for, which must prevail in said action, not being affected by such proceeding and transactions.

5. *Ejectment; suggestion of adverse possession for three years; sufficiency of evidence.*—In an action of ejectment against a railroad company to recover lands occupied by the defendant as a right of way, where the defendant suggests adverse possession for three years next before the commencement of the suit, which was brought within three years after the institution of the condemnation proceedings under which the defendant claims, evidence that defendant's line of railway was surveyed and located over the land in controversy more than three years before the institution of the pending suit is sufficient, without more, to support the defendant's suggestion of adverse possession, since such evidence is without a tendency to show that an entry was then made under a claim adversely to the rights of the land owner.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This was a statutory action of ejectment, brought by the appellees against the appellant, to recover a certain tract of land specifically described in the complaint. The tract of land sued for was used by the defendant as its right of way. The suit was instituted on July 9, 1895. The defendant pleaded the general issue, and suggested upon the record that it had for three years

next before the commencement of the suit had adverse possession of the land sued for. The defendant also pleaded a special plea, which, as amended, set up the fact that it was not in possession of the fee to the real estate claimed in the complaint, but that its possession was limited to an easement therein, which was used as a right of way, and that it had possession and claimed the ownership of such easement under and by virtue of a judgment rendered in a condemnation proceeding instituted by it against the plaintiffs. There was set out in the amended plea, the petition for the condemnation and the judgment of condemnation. This petition is set out at length in the opinion. It was then averred in the special plea, as amended, that one, William F. Gardner, as guardian for the plaintiffs, received for the use of said plaintiffs the sum of one hundred and fifty dollars, paid into court under the judgment of condemnation, and that the defendant went into possession of said lands under the judgment of condemnation and erected thereon permanent improvements of such value, without objection on the part of said Gardner, as guardian, or otherwise, and with his full knowledge and acquiescence, and that, therefore, the plaintiffs were estopped to maintain the present action. To this special plea, as amended, the plaintiffs demurred upon the grounds, 1st, that it does not appear from said plea, as amended, that the land sued for, or any part thereof, was mentioned or described in the petition for condemnation set out in said plea. 2d. That the averments of said plea, as amended, show that the probate court was without jurisdiction to condemn the real estate sued for or any part thereof. 3d. That the matters set forth in said plea, as amended, do not constitute an estoppel upon the plaintiffs. This demurrer was sustained and issue was joined on the other pleas.

On the trial of the case, it was shown that the petition for condemnation was filed on August 2, 1892, and the judgment of condemnation was rendered on September 7, 1892.

W. F. Gardner, guardian of the plaintiffs, was introduced as a witness, and hs testified that prior to the time the defendant took possession of the land sued for,

it was in the possession of the plaintiffs, who claimed it as owners. That he was the guardian of the plaintiffs during the year 1892. The defendant then offered to prove by said witness that he knew of the proceedings of the probate court in the year 1892 to condemn a right of way through the lands of the plaintiffs, and that he knew of the judgment of condemnation entered by the probate court; that he received from the probate judge one hundred and fifty dollars paid into court by the defendant under said judgment of condemnation; that said sum was received by him as guardian for the plaintiffs for their use, and was by him included in his settlement with the plaintiffs as his wards and paid over to them. The plaintiffs objected to all of this testimony, separately and severally, upon the ground that it was incompetent and illegal. The court sustained the objection, and the defendant separately excepted. The defendant then showed to the witness a deed, which purported to be executed by him, as guardian of the plaintiffs, conveying to the defendant the tract of land described in the complaint, and after the witness had testified that he had executed said deed, the defendant offered it in evidence to show the receipt of Gardner, as guardian, of the one hundred and fifty dollars expressed in said deed as the consideration thereof, and which was paid under the order of the judgment of condemnation. To the introduction of this deed in evidence the plaintiffs objected, on the ground that it was incompetent and illegal. The court sustained the objection, and the defendant duly excepted. It was admitted that the defendant was in possession of the land sued for as a right of way, and had its railroad constructed thereon. The defendant then offered in evidence the judgment entry rendered in the condemnation proceeding. The plaintiff objected to this evidence, because it was illegal and incompetent. The court sustained the objection, and the defendant duly excepted. Upon the defendant then offering to introduce in evidence the original report of the commissioners appointed to assess the damages to plaintiffs' land by the construction of the defendant's road, the plaintiffs objected to its introduction, upon the ground that it was illegal and incompetent evidence. The court sustained the objection, and to this action of

the court the defendant duly excepted. The defendant then offered· in evidence the original petition for condemnation, which was filed on August 12, 1892. To the introduction ·of this petition in evidence, the plaintiffs objected, upon the ground that· it was incompetent and illegal evidence. The court sustained the objection, and the defendant duly excepted. The defendant thereupon offered in evidence the said petition, report of commissioners and judgment entry ·jointly, and the plaintiffs objected to their introduction, upon the ground that they were incompetent and illegal· evidence. The court sustained the objection, and to this ruling of the court the defendant duly excepted.

It was proven by the defendant that the road was surveyed ·and · located on the real estate in controversy in May, 1892; and was constructed in the fall of the year 1892.

· Upon the introduction of all the evidence the court at the request of the plaintiffs gave to the jury the following· written charge·: "If the jury believe the evidence and find from the evidence that the defendant railway was in possession of the land sued for when the suit was brought, claiming it for itself and not as a co-tenant with plaintiffs, then the jury should find· a verdict in favor of the plaintiffs." To the giving of this charge the defendant duly excepted.

There were verdict and judgment for the plaintiffs. The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved·.

OSCAR R. HUNDLEY, for appellant·.

GRAYSON & FOSTER and R. W. WALKER, *contra*.— While, as a general rule, ejectment will not lie to recover an easement, or to be let into the use and occupation of a servitude, it will lie for the recovery of lands claimed and condemned as the road-bed and right of way of a railroad.—*Tenn. & Coosa R. R. Co. v. East Ala: R. Co.*, 75 Ala. 516 ; *S. & N. R. R. Co. v. Pilgree*, 62 Ala. 305 ; *Luke v. Calhoun*, 52 Ala. 115 ; *Smith v. Gayle*, 58 Ala. 600 ; Tyler on Ejectment, pp. 37, 39 ; *M. & O. R. R. Co.*

v. *Williams*, 53 Ala. 597 ; *Tanner v. S. & N. R. R. Co.*, 60 Ala. 635 ; *M. & M. R. R. Co. v. Blakey*, 59 Ala. 471.

The court properly sustained a demurrer to the defendant's special plea as amended, because it was not shown by said plea that said probate court had jurisdiction to award the condemnation of the said lands sued for, and unless said court had jurisdiction of the parties and the subject-matter, any judgment the court might render when any of the essential facts to give jurisdiction are wanting, is absolutely void, and can be collaterally attacked at any time. The lands sued for not having been described in the petition for condemnation nor by the order directing commissioners to appraise so far as was shown to the court, the probate court could not render a valid judgment.—*Lewis v. Allred*, 57 Ala. 628. The commissioners must act on the petition before them. "The whole road must be laid out as petitioned for."—*Robinson v. Logan*, 31 Ohio 466 ; Mills on Eminent Domain, § 283.

The owner has a right to know precisely what lands are wanted, or the route could be changed at pleasure through his lands, and a jury could not give damages intelligently.—Lewis on Eminent Domain, § 350 ; Mills on Eminent Domain, § 117. The petition must furnish the means of certainly locating the situs and extent of condemnation.—*Brown v. R. & D. R. R. Co.*, 86 Ala. 206 ; *London v. Sample Lumber Co.*, 91 Ala. 606 ; *Bacon v. Owen*, 3 Ala. 116. The application is for condemnation of land or interest therein described.—Code of 1886, § 3207. "In a petition for condemnation of lands, it is essential that the premises intended to be taken should be so described that there can be no question as to their identity."—6 Amer. & Eng. Encyc. of Law, p. 610 ; *Toledo &c. R. R. Co. v. Munson*, 57 Mich. 42 ; *Chicago &c. R. R. Co. v. Sandifer*, 23 Mich. 418 ; *West v. W. & E. R. R. Co.*, 61 Miss. 536 ; *In re N. Y. & H. Co.*, 90 N. Y. 342.

The evidence offered by the witnesses, Gardner and Hundley, that $150 had been paid by said defendant under a judgment of condemnation to said Gardner as guardian of plaintiffs could in no way work an estoppel of plaintiffs in this action, since the lands described in the complaint do not even lie in the same section as the lands described in the petition of defendant for the con-

demnation referred to in this suit. Besides, such acceptance of the money for the land would be matter of equitable estoppel only, and could not be set up in an action of law.—*McLeod v. Bishop*, 110 Ala. 640; *Hawkins v. Ross*, 100 Ala. 463.

TYSON, J.—This is a statutory action of ejectment to recover possession of certain lands described in the complaint. A number of special pleas were filed by defendant in addition to the plea of not guilty to which demurrers were sustained. The record shows that the matters set up as a defense in these special pleas were offered in evidence by defendant under the plea of "not guilty," and if they constitute a good defense could have been interposed.—*Newson v. Guy*, 109 Ala. 305.

The plaintiffs made out a *prima facie* case for recovery by proof of possession of the lands under claim of ownership when the defendant entered thereon, and are entitled to recover unless the defendant shows a superior title.—3 Brick. Dig. p. 325; 1 Brick. Dig. p. 637.

The defendant claimed the right to the possession of the lands in controversy under comdemnation proceedings, instituted by it against these plaintiffs in the court of probate of the county of Madison. Its right to possession is determinable upon the validity of that proceeding. If void, these plaintiffs can maintain this action.—*Tenn. & Coosa R. R. Co. v. East Ala. R'y Co.*, 75 Ala. 516, and authorities cited; *Hooper v. Columbus & Western R'y Co.*, 78 Ala. 213.

The land was a lot or parcel, triangular in shape, containing one and five one-hundredths acres in the northwest quarter of section nine, township six, range one east. No part of this quarter section was described or mentioned in the application for condemnation. The application offered in evidence was as follows: "Your orator, the Nashville, Chattanooga & St. Louis Railway, a corporation duly chartered under the laws of the State of Tennessee, with its principal office in the city of Nashville, State of Tennessee, respectfully represents, that under and by virtue of authority granted by the laws of the State of Alabama and State of Tennessee, it proposes to extend its line of road in the county of Madison,

[Nashville, Chattanooga & St. Louis Railway v. Hobbs, *et al.*]

from the city of Huntsville in said county, to a point at or near Hobbs' Island on the Tennessee river, and in order to do so it became necessary to acquire a right of way, consisting of one hundred feet from the center of the line of location of said road on either side thereof, through the following described real estate, to-wit: also, terminal facilities. That tract or parcel of land lying and being in the county of Madison and State of Alabama, and known and described as part of the east half of the northwest quarter of section four, township six, range one east. Said real estate is owned jointly by Willie M. Hobbs and Isham D. Hobbs, both of whom are infants, and William F. Gardner is their guardian. Said Willie M. Hobbs and Isham D. Hobbs and their guardian, William F. Gardner, reside in Madison county, Alabama. The premises considered, your orator respectfully asks your honorable court to appoint three citizens, as provided by law, to assess and ascertain the damages to which the owners of said real estate are entitled for said right of way, and that due and legal notice be given to said William F. Gardner, as such guardian, of the time of the filing of this application, and the time appointed for the hearing thereof, and that your honorable court take such notice and further proceedings as is by law required." The report of the commissioners appointed, on the hearing of this application, to assess the damages, though it recited that they were appointed to assess the damages and compensation for the condemnation of the right of way and terminal facilities through the land as described in the application, yet described the land sued for in the assessment of damages; and the order of condemnation entered on this report purported to condemn the land sued for, as well as that mentioned in the application. The claim of the defendant under these proceedings presents the question of the validity of the proceedings so far as they purport to affect land other than that mentioned and described in the application for condemnation.

In the proceedings in question, the court of probate exercised a special statutory jurisdiction. The statute confers the power and jurisdiction, and prescribes the mode of calling it into operation. "Any corporation organized under the laws of this State, or any person,

or association of persons, proposing to take lands, or to acquire an interest, or easement therein, for any uses for which private property may be taken, may, if there be no other mode of proceeding prescribed by law, apply to the court of probate of the county in which such lands, or a material portion thereof, may be situate, for an order of condemnation thereof to such uses."—Code of 1886, § 3207; Code of 1896, § 1712. By the next succeeding section, the application is required to be in writing, and further specifications as to its contents are prescribed. The application provided for by the section quoted, is for an order of condemnation of the land proposed to be taken, or of the interest or easement therein proposed to be acquired. It is an essential function of such an application, to point out the property upon which the desired order of condemnation is to operate. The land, or the interest or easement in land, described in the application, is the subject matter brought before the court, for the exercise upon it of the power of condemnation. The object of the proceeding is to effect an involuntary transfer of land, or of an interest in land. *London v. Sample Lumber Co.*, 91 Ala. 606. As said in the opinion delivered in the case just cited, "when the property to be taken is selected and determined by the petitioner, the court having no authority to fix or change the location, the general rule is, that the application must describe the property with sufficient precision to enable a skillful person to locate it on the land." "Notice of the application" is required to be served on the land owner.—Code of 1886, § 3209; Code of 1896, § 1714. It is the application which the land owner is afforded an opportunity to contest. "The court must hear all the allegations of the application, and objections which may be filed to the granting thereof, and any legal evidence touching the same, and shall make an order granting or refusing the application."—Code of 1886, § 3211, as amended by the act approved February 18, 1891 (Acts of 1890–91, 1131); Code of 1896, § 1717. And the extent of the operation of the order of condemnation authorized to be made, is to "vest in the applicant the interest or easement in the lands, proposed to be acquired, for the uses and purposes stated in the applica-

[Nashville, Chattanooga & St. Louis Railway v. Hobbs, et al.]

tion, but for no other uses or purposes."—Code of 1886, § 3216, as amended, (Acts of 1890–91, p. 1131) ; Code of 1896, § 1721. It is clear from these statutory provisions, that the application marks the limits and boundaries, as to subject matter, of the jurisdiction authorized to be exercised, and that land not mentioned in the application, or any amendment thereof, is left beyond the reach of the order of condemnation. An order of condemnation is a mere nullity so far as it purports to affect land in reference to which, the power of the court was never invoked or put into operation. As the application must be looked to to ascertain the subject matter brought under the jurisdiction of the court by the proceedings, the offer in evidence by the defendant of the order of condemnation by itself was properly rejected. And the offer in evidence together of the application, report of assessment of damages, and order of condemnation was properly rejected, as the application contained no mention of the land sued for in this action.

The evidence offered by defendant to show the receipt by the guardian of plaintiffs of the amount of damages as assessed by the commissioners in the condemnation proceedings, and that he accounted for the amount paid him in the settlement of his guardianship in the probate court, as well as the deed executed by him as such guardian, was properly excluded. The evident purpose in offering this evidence was to work an estoppel against the plaintiffs. Pretermitting the fact that they were minors at the time, had they been adults this could not have operated as a transfer of the legal title to the lands. In *Hooper v. Columbus & Western Railway Co.*, 78 Ala. 216, Justice SOMERVILLE said : "There are cases which support the view that an equitable title can be set up by estoppel at law in cases of this character, where the the plaintiff, having knowledge of the fact that a company is proceeding to construct a line of railroad over his land, allows them to expend large sums of money in such an improvement without objection. We admit there is much force in the reasoning upon which these cases are based and a dictum occurs in the case of *New Orleans & Selma R. R. Co. v. Jones*, 68 Ala. 48, where some countenance was given by us, *arguendo*, to this doctrine. So

39

in *Pollard v. Maddox*, 28 Ala. 321, where the plaintiff's deed to a railroad company failed to convey the legal title to the land, it was so far construed to operate as a covenant granting the right of way, as to bar the plaintiff by estoppel from claiming damages in an action of trespass at law. We have re-examined the authorities on this question with some doubts as to which is the sounder and better rule in such cases. We have reached the conclusion, that the courts can make no exception, based on sound and just principles which would exclude railroad companies from the operation of the general rule, that in actions of ejectment at law the legal title must prevail."—*Hawkins v. Ross*, 100 Ala. 459; *Walker v. Murphy*, 34 Ala. 591; *Nelson v. Kelly*, 91 Ala. 569; *McCarty v. Woodstock Iron Co.*, 92 Ala. 468; *Morgan v. Carey*, 73 Ala. 222; *McPherson v. Walters*, 16 Ala. 714. Whether this would operate as an estoppel in a court of equity, is not now a question for decision.

The suggestion of adverse possession by the defendant for three years next before the commencement of the suit (Code of 1886, § 2702) was unsupported by evidence. The suit was brought within three years after the institution of condemnation proceedings. The evidence that the line of railroad was surveyed and located over the land more than three years before the commencement of the suit, without more, was without tendency to show that an entry was then made, under claim adverse to the rights of the landowner. The condemnation proceeding was a recognition of the title of the true owner. There was nothing to submit to the jury under the suggestion of adverse possession. Lines of railroad and of other public roads are not infrequently contemplated, surveyed and located, and then changed or abandoned, never becoming permanent.

We find no error in the record, and the judgment must be affirmed.

Affirmed.

*Note.*—The writer of the foregoing opinion is indebted to the late Chief Justice in its preparation. He had prepared an opinion, which in the main was adopted by the writer, but which had never been passed upon by the court.