[Hobbs *et al.* v. Nashville, Chattanooga & St. Louis Railway.]

# Hobbs *et al. v.* Nashville, Chattanooga & St. Louis Railway.

## *Bill in Equity for an Injunction.*

1. *Jurisdiction of probate court in condemnation proceedings; decree condemning lands other than those described in the complaint void.*—Where in an application filed by a railroad company in the probate court asking for the condemnation of a right of way over certain lands, the lands sought to be condemned are specifically described, but the report of the commissioners and the decree of condemnation entered upon such report each describe the lands differently from those described in the application, the decree of condemnation is *coram non judice* and void, and confers upon an applicant no legal title to the right of way sought to be condemned thereby.

2. *Equitable estoppel.*—No person, whether under legal disability or not, will be permitted in equity to receive and retain that which forms the consideration for the invalid sale of land, and then to reclaim and take the lands to the prejudice of those who have, in good faith, acted upon the transaction as valid.

3. *Same; receipt by infant of consideration does not preclude recovery of land.*—The mere receipt by an infant of the consideration which was paid for an invalid sale of his lands, does not preclude him from asserting the right of election to affirm the alienation, or to make restitution and reclaim the property.

4. *Election for infant; equitable estoppel.*—While an infant can not make an election and can not create an estoppel against himself, still a court of equity has power to elect for him, and will not allow him to receive and hold the proceeds of an unauthorized sale of his property, and at the same time repudiate the sale. Equitable estoppels of this character apply to infants as well as adults.

5. *Same; same.*—Infants are not estopped from asserting title to their land sold without authority of law by the fact of the receipt by the guardian of the consideration.

6. *Ratification by infant of condemnation of land.*—An infant ratifies a condemnation of his land to use as a right of way by a railroad company that was invalid, by receiving the consid-

eration after becoming of age, when there is no unfairness and the company is in possession and no question as to the statute of frauds arises.

7. *Affirmance of unauthorized sale by infant; equity of bill to compel return of moncy.*—Where an infant has obtained a judgment in an action of ejectment for land which had been condemned to use as a right of way by a railroad company under invalid proceedings, the company may maintain a bill requiring such infant to return the money received by him as a condition precedent to the execution of the judgment.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed November 26, 1898, by the appellee, the Nashville, Chattanooga & St. Louis Railway against the appellants, Isham D. Hobbs and Mary Willie Hobbs. The bill averred the following facts: Some time between May 1, 1892, and September 1, 1892, the complainant surveyed and located its line of road through property belonging to the defendants in Madison county, for the purpose of constructing a railroad thereon. The property so surveyed and located and along which the road of the complainant was constructed, was specifically described in the bill of complaint. For the purpose of condemning its right of way along said route so surveyed and located, the complainant filed its petition in the probate court of Madison county, asking that certain lands be condemned for the defendant's right of way, and that a commission be appointed to assess and ascertain the damages to which the defendants were entitled for the use of said route for the complainant's right of way. At the time of the filing of said petition, it was the intention and purpose of the complainant to embrace and describe in said petition the property along which the line of the complainant's road was located and which was described in the bill of complaint; said petition being filed for the express purpose of condemning the land to the complainant's use as a right of way. Through a mistake, however, the property was not correctly described, it being described as lying in section 4, township 6, range 1 east, when as a matter of fact, it was

located in section 9, township 6, range 1 east. Upon the filing of the petition the probate court issued a commission to certain named persons to ascertain and assess the amount of damages for which the complainant was liable in the condemnation proceedings.

In making their report, the commissioners so appointed described the property correctly and accurately, and assessed the damages, and in the judgment of condemnation by the probate court the judgment entry correctly and accurately described the property. Upon the rendition of said judgment, the complainant paid into the court the sum assessed as damages, together with all the costs as required by said judgment. After the payment of said amount, the guardian of the defendants, who were at that time minors, received said sum for the use of the defendants. About 18 months afterwards the guardian had a settlement of his guardianship and paid over to the respondent Mary Willie Hobbs, who was at that time 21 years of age, her proportionate share of the sum so paid by the complainant as damages, and the said guardian paid over or accounted for the proportionate share of said sum due the respondent, Isham D. Hobbs, and said Isham D. Hobbs received his proportionate share of said sum.

It was then averred in the bill that the complainant, believing that it had the right under the condemnation proceedings and at the time did not know that any mistake or error had been made in its petition for the condemnation of the property, and acting in good faith, began the construction of its road bed and a part of its terminal improvements upon the property described in the bill, and at great expense completed the construction of said road bed and other improvements some time about the first of January, 1893; that thereafter the complainant operated its railroad over the road bed and track so constructed on said property. That the defendants, Isham D. Hobbs and Mary Willie Hobbs, and their guardian had knowledge of the complainant's locating and constructing its road as above described, and that with such knowledge they permitted the complainant to expend large sums of money in improvements for said

purpose without interfering with or forbidding the complainant to proceed.

It was then averred that the respondents, Isham D. Hobbs and Mary Willie Hobbs, on July 9, 1895, brought a statutory action in the nature of ejectment, against the complainant for the land described in said bill which was used and occupied by the complainant at the time of the institution of said suit as a right of way. To said action of ejectment the complainant pleaded not guilty, and attempt to set up the facts hereinabove set out, and averred in said bill, but the court held that such facts could not be shown as a defense in a suit at law. Judgment was accordingly rendered against the complainant for the recovery of said property along which its road had been constructed, and which had been used and occupied as a right of way. On appeal from said judgment it was affirmed in the Supreme Court. It was then averred that for the lands so recovered by the respondents in the statutory action of ejectment, said respondents had received and retained the compensation awarded them in and by the condemnation proceedings; that by mistake the said land so recovered was improperly described in the petition commencing said condemnation proceedings; but that the land actually condemned was the same land as that recovered in the action of ejectment for which compensation had been assessed and paid.

The prayer of the bill was "that the said respondents be enjoined from further proceedings to enforce the collection of the payment of said judgment or judgments, and from further proceedings to enforce the judgment for the possession of said lands, and that upon the hearing of this cause the said injunction be made perpetual." There was also a prayer for general relief. The defendants moved the court to dismiss the bill for the want of equity, and also demurred to it upon the following grounds: 1st. It is shown that the lands described in the bill belonged to the respondents, and that the complainant was in possession thereof without title or claim of right. 2d. There are no facts alleged in said bill which, if true, would constitute a defense to a suit for

the recovery of said lands, or which would establish in complainant such equitable claim or title as would defeat the title of these respondents. 3d. It is shown by said bill that the lands described therein to be condemned were never condemned by the proceedings of the probate court of Madison county, which were set out in said bill. 4th. The facts averred in said bill, if true, did not estop respondents from asserting their title to said lands, and the matters alleged did not constitute such estoppel. 5th. It is shown by the said bill that at the time of the happening of the matters therein alleged, the respondents were infants and incapable of being bound by an estoppel *in pais.* 6th. It is shown by the averments of the bill that the decree of condemnation was void so far as the lands involved in this controversy are concerned. 7th. The conduct of complainant in omitting from its petition the lands described in the fourth paragraph of its bill, and then causing said lands to be included in the award of said commissioners, and procuring on said award a decree condemning the same, shows bad faith and unfair dealing and creates an estoppel on its part to assert an equitable claim to said lands.

On the submission of the cause on the motion to dismiss and on the demurrer, the chancellor rendered a decree overruling each of them. From this decree the defendants appeal and assign the rendition thereof as error.

GRAYSON & FOSTER, for appellants.—The legal title to lands is not divested by condemnation proceedings in a probate court, wherein the decree was void.—*N., C. & St. L. R. Co. v. Hobbs,* 120 Ala. 600. The sole question presented by the record is whether or not the facts as set out in the bill create an equitable estoppel on the part of appellants to assert their title to the lands in a court of justice. We concede that if such an estoppel is thus created, the bill contains equity; but on the contrary, if no facts are alleged which would operate as an estoppel, or if the acts or conduct of appellants, as disclosed by the bill, does not bring them within the spirit

or operation of that doctrine, then the bill is manifestly without equity, and the motion to dismiss should have been sustained. Accepted authority is without conflict as to the requisite and constituent elements of an estoppel *in pais,* and, according to that, in order to successfully invoke that doctrine, it is absolutely essential that the following elements should co-exist, viz. :

First. There must be conduct—acts, language, or silence—amounting to a representation or concealment of material facts.

Second. These facts must be known to the party estopped at the time of his said conduct, or at least, the circumstances must be such that knowledge of them is necessarily imputed to him.

Third. The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel, at the time when such conduct was done, and at the time it was acted on by him.—2 Pom. Eq. Jur., § 805; 1 Brick. Dig. 796, § 11; *Steele v. Adams,* 21 Ala. 534; *Colbert v. Daniel,* 32 Ala. 314; *Morris v. Alston,* 92 Ala. 502; *Porter v. Wheeler,* 105 Ala. 451.

The complainant in the present bill was not in a position to invoke the doctrine of estoppel. It was a bare trespasser and knew that the land belonged to the defendants. If it, with the knowledge of these facts, went ahead and built its road, it did so at its peril, and it seems more equitable to say that it should lose the improvements thus made, than that appellants should lose their land. The most important element of an estoppel is wanting—the ignorance of the party seeking it of the material facts at the time it acted. Accordingly, appellee must suffer the consequences of its own negligence.—*Brown v. Hawkins Lumber Co.,* 100 Ala. 217; *Cunningham v. Milner,* 56 Ala. 522; *Huntley v. Holt,* 9 L. R. A. 111; *Morgan v. Farrell,* 16 Amer. St. Rep. 282; Herman on Estoppel, pp. 411, 413, 420; *Mary Lee Coal & Rwy. Co. v. Winn,* 97 Ala. 495; *Porter v. Wheeler,* 105 Ala. 451.

OSCAR R. HUNDLEY, *contra.*—The defendants in the present suit can not keep both the money and the land.

One who has received and retains the proceeds of property sold, even though sold without authority, is estopped from claiming the property itself. To receive and retain the proceeds is a ratification of the unauthorized sale.—*Oden v. Dupuy*, 99 Ala. 36; *Kahn v. Peter*, 104 Ala. 523; *Krumdick v. White*, 107 Cal. 37; *Lamar v. Pearce*, 90 Ga. 377; *Porter v. Curry*, 50 Ill. 319; *Church v. Johnson*, 93 Iowa 544; *Wood v. Bullard*, 151 Mass. 324; *St. Louis v. Consolidated Coal Co.*, 113 Mo. 83; *Wood v. Seely*, 32 N. Y. 105; *Thompson v. Simpson*, 128 N. Y. 270.

The acceptance of damages in condemnation proceedings, estopped the defendants from contesting the validity of the proceedings.—*Col. Cen. R. R. Co. v. Allen*, 13 Col. 229; *Allen v. Col. Cen. R. R. Co.*, 22 Col. 238; *Kile v Yellow head*, 80 Ill. 208; *Pool v. Breese*, 114 Ill. 594; *Karber v. Nellis*, 22 Wis. 215; *Moore v. Roberts*, 64 Wis. 538. The acceptance of the benefits of a judgment, decree or award, estops from attacking its validity.—*Robertson v. Bradford*, 73 Ala. 116; *St. L. &c. Co. v. Foltz*, 53 Fed. Rep. 627; *Denver &c. Co. v. Middaugh*, 12 Col. 434; *Boulder &c. Co. v. Lower Boulder Ditch Co.*, 22 Col. 115; *Ellis v. White*, 61 Iowa 644; *Snow v. Walter*, 42 Tex. 154. While it is true the bill does show that defendants were minors at the time of condemnation, it must be borne in mind that the bill also shows that Mary Willie Hobbs was twenty-one years of age at the time her guardian made his settlement with her, when she received her proportion of the condemnation money, and receipted therefor; that Isham D. Hobbs also received his proportion of the condemnation money from his guardian; that they were both over the age of twenty-one years at the time of the filing of the bill; that they both received the condemnation money before they brought the suit in ejectment in the circuit court; and that they both do now continue to retain the condemnation money, the fruits of the condemnation proceedings in the probate court. The question as to whether the doctrine of estoppel will apply to persons under disability, in such a case as the one at bar, has

[Hobbs *et al.* v. Nashville, Chattanooga & St. Louis Railway.]

been settled in this State in no uncertain terms.—*Robertson v. Bradford*, 73 Ala. 118; *Woodstock Iron Co. v. Fullenwider*, 87 Ala. 584; *Bland v. Bowie*, 53 Ala. 152; *Bell v. Craig*, 52 Ala. 215; *Oden v. Dupuy*, 99 Ala. 36; *Creamer v. Holbrook*, 99 Ala. 52.

SHARPE, J.—The lands here involved not having been embraced or described in the petition filed in the condemnation proceedings, the commissioners appointed to assess damages therein were not authorized to include them in their report of such assessment, and the order of the probate court purporting to condemn them to the complainants's use was *coram non judice* and void.—*Nashville, Chattanooga & St. Louis Railway v. Hobbs*, 120 Ala. 600; 24 So. Rep. 933. Therefore, unless estopped by some act or conduct on the part of these defendants, or of some one authorized to bind them, there is no legal or equitable reason to unconditionally forestall their right to the possession of the property.

Ordinarily estoppels *in pais* are not created against infants, but cases may arise in which for the prevention of fraud or unfairness a court of equity may decree such an estoppel. Upon that principle it is well settled that no person, whether under legal disability or not, will in equity be permitted to receive and retain that which forms the consideration for an invalid sale or disposition of his property, and at the same time to retake the property to the prejudice of those who have in good faith acted upon the transaction as valid.—*Robertson v. Bradford*, 73 Ala. 116; *Goodman v. Winter*, 64 Ala. 410; *Bland v. Bowie*, 53 Ala. 152; *Bell v. Craig*, 52 Ala. 215; *Pickens v. Yarbrough*, 30 Ala. 408.

It does not follow, however, that the mere receipt of the consideration in such case will of itself bind the infant to part with his property. Nothing else appearing to preclude him in the assertion of his claim, the right of election whether to affirm the alienation, or to make restitution and reclaim the property, remains with the infant until his disability is ended and for a reasonable time thereafter, unless sooner compelled to elect by those having opposite rights who may resort to

39

equity for that purpose. When its interference is sought in such case the court may elect for the infant with a view to his interest, but it will so decree as not to allow him the unfair advantage of avoiding the transaction while retaining its fruits.—*Goodman v. Winter, supra.*

The case is to be distinguished from those occurring where the infant has received nothing of substantial value for the property, as in the case of *Gillespie v. Nabors,* 59 Ala. 441, in which the infants were allowed unconditionally to avoid the attempted sale.

The fact that the condemnation money was received by the guardian of defendants does not strengthen the reasons for decreeing an estoppel. A guardian, by virtue of his legal relation to an infant ward, has no authority to make or ratify for him an unauthorized disposition of the infant's lands.—*Gillespie v. Nabors, supra.*

It is charged in the bill that the defendant Mary Willie Hobbs was of full age when she received her share of the money paid by complainant. If, being of full age and without unfairness, she voluntarily received and retained the money with a full knowledge of the facts relating to the payment and to the condemnation proceedings, the complainant being in possession and no question of the statute of frauds arising, such action might upon proper allegations and proof be held a conclusive election on her part to treat the transaction as a sale of her interest to the extent that the probate decree purports to condemn the same.

The bill is wanting in allegations of facts which would in themselves be sufficient to establish a conclusive estoppel against either defendant. It has equity, however, as a bill to require an election and a return of the money as a condition to their right to execute their judgment in ejectment. There is no specific prayer for that particular relief, but the sufficiency of the bill in that aspect is not brought in question either by the demurrer or the motion to dismiss.

The decree appealed from will, therefore, be affirmed at appellants' cost.

Affirmed.