## PICKENS vs. YARBOROUGH.

[CREDITORS' BILL TO SUBJECT PROPERTY IN POSSESSION OF DEBTOR'S WIDOW UNDER FRAUDULENT PURCHASE FROM EXECUTOR.]

1. *Estoppel against creditor from impeaching fraudulent sale.*—Where lands are sold by an executor, under an order of the orphans' court, after the estate of his testator has been declared insolvent; and are purchased by the widow, through the fraud and collusion of the executor, at a grossly inadequate price,—a creditor of the estate, who has obtained a decree for his *pro-rata* share of the assets, knowing that the proceeds of such sale were included therein, cannot afterwards impeach the validity of the sale in equity.

2. *Conclusiveness of judgment.*—In an action brought by the executor against the widow of a decedent whose estate has been declared insolvent, for the recovery of slaves, a judgment for the defendant is, in the absence of fraud and collusion, conclusive on the creditors of the estate.

3. *Equitable relief against judgment at law.*—Where the plaintiff in an action at law fails, for want of evidence as to the identity of the slaves sued for, this is matter on which to base a motion for a new trial, but is no ground for relief in equity.

APPEAL from the Chancery Court of Perry.

Heard before the Hon. JAMES B. CLARK.

I. W. GARROTT, for the appellant.

JOSEPH R. JOHN, *contra*.

RICE, C. J.—The original complainant, Joseph Pickens, died after filing the bill, and the suit was revived in the name of his executor and executrix. In this opinion, we wish to be understood as meaning him, when we mention the complainant.

We shall treat the bill as it was treated in the court below, and by the counsel of the parties on the argument in this court; that is, as a creditors' bill, to subject to the satisfaction of the complainant's debt certain lands alleged to have belonged to the debtor, David Yarborough, at his death, and to have been fraudulently sold to his widow, Helen Yarborough, by Leonard A. Weissinger, as executor of the last will and testament of said David, in August, 1842, under an order of the orphans' court of Perry county; and also several slaves, alleged to have belonged to said testator at his death, but for which, it is alleged, the said Helen was permitted and enabled, by the fraud and collusion of said executor, to obtain a verdict and judgment in May, 1845, in the circuit court of said county, in an action therein previously brought for their recovery, by said executor, against the said Helen.

It appears from the bill, that at the April term, 1842, of said orphans' court, the estate of said testator was, on the application and report of said executor, duly declared insolvent, and is insolvent; that the complainant filed according to law the same debt which he now seeks to enforce, as a claim against said estate; that in August, 1842, the said lands were sold by the executor, under the order of said orphans' court, for forty-four dollars; that the commissioners who had been appointed to settle up said estate, in August, 1844, "called said executor before them, and *caused a settlement of said estate to be made,* and on the 15th August, 1844, *rendered a decree* against said Weissinger, in favor of the creditors who had filed their claims according to law, of thirty-three and one-third cents on the dollar;" that on that settlement the debt filed as aforesaid by complainant was allowed by said commissioners, as a valid claim against said estate, to the amount of $2,149 12, and on the 15th August, 1844, the commissioners rendered a decree in favor of the complain-

27

ant against said Weissinger for one-third thereof, to-wit, the sum of $716,37; that execution issued upon that decree, upon which $128,94 was made, and, as to the balance, the execution was returned "no property found."

The bill does not allege that the forty-four dollars realized from the sale of the lands was not estimated with the other assets on said settlement; nor that the decree in favor of complainant and the other creditors was not for the proceeds of the sale of the lands, as well as for the other assets of the estate; nor that complainant was ignorant, when he obtained his decree, that it was in part for the proceeds of the sale of the lands. The bill does not offer to return any part of the money collected on the execution, nor even aver a willingness that the said decree in favor of complainant may be reduced, or credited, to the extent of the share of the proceeds of the sale of the lands which was included in the decree.

Upon the case as presented, the complainant has, by his proceeding in the orphans' court, obtained a decree for his *pro-rata* share of the assets, part of which arose from the sale of the lands. He must be presumed to have done this knowingly, for he does not aver or pretend that he did it ignorantly. He has collected part of his decree; and yet, thus retaining the benefit of that decree, and of the money collected on it, he seeks also to subject the lands to the payment of his demand. In other words, he has knowingly taken his share of the benefit of the proceeds of the sale of the lands, and, retaining that benefit, he wishes to set aside that sale for fraud, and get another benefit from having the lands sold again. He cannot do this. He cannot assail the sale for fraud, after having knowingly obtained a decree, which treated the proceeds of that sale as assets of the estate. The law will not permit him to treat the sale as fair and valid in his proceedings in the orphans' court, and, after having there knowingly obtained a decree treating its proceeds as assets of the estate, to go into a court of chancery and treat the sale as unfair and fraudulent.—Butler v. O'Brien, 5 Ala. 316; Cochran v. Firemen's Insurance Company, 27 Ala. 228.

The allegation of fraud and collusion between Weissinger, executor as aforesaid, and Mrs. Yarborough, in the prosecution and defense of the action at law brought by the former against the latter, for recovery of the slaves, is not sustained by proof; and in the absence of fraud, the verdict and judgment are conclusive upon the creditors of the testator, Yarborough, as well as upon Weissinger, the executor. The executor represented the creditors, in that action; and as there is no fraud proved in relation to that suit, if it was lost for want of evidence as to the identity of the slaves, that was a proper matter to be considered by the circuit court, on an application for a new trial, but is no ground for the interposition of the court of chancery.

Decree affirmed, at the costs of appellant.