# Laura Bell *v.* B. H. Craig, Administrator.

### Bill in Equity to prevent Cloud on Title.

1. *Estoppel ; sale of decedent's lands.* — The administrator *de bonis non*, creditors and others interested in a decedent's estate, are estopped from questioning the validity of an order of sale of his lands, the fairness of the sale not being impeached, if they have treated the purchase-money as assets, received the benefit of it, and it has been fully accounted for on final settlement by the administrator in chief.

2. *Same ; same ; cloud on title.* — In equity, such a sale, although made under a void order, will be treated as valid as to those who have received the fruits of it, and the court of chancery, at the instance of the purchaser, or one claiming under him, to whom the administrator and heir had conveyed the legal title, will prevent by injunction, the cloud on the title, caused by a second sale by the administrator *de bonis non* under an order of the probate court.

APPEAL from Dallas Chancery Court.

Heard before Hon. CHARLES TURNER.

This was a bill filed by Laura Bell against B. H. Craig, as

administrator *de bonis non* of the estate of one M. Hildebrandt to enjoin Craig as administrator, from selling certain lands therein described, under a decree of the probate court of Dallas county.

M. Hilderbrandt was the owner of the lands in question at the time of his death ; his only heir qualified as administrator of his estate, and sold said lands for payment of debts under decree of the said probate court, and made a conveyance thereof as such administrator, and also individually, to the purchaser. The bill also shows that complainant's title to said lands was traced by a regular chain of title, from such purchaser, and that she was in possession ; that said administrator in chief was paid for said lands in full, and the purchase-money was applied by him to payment of the debts due by the estate ; and that the appellee had obtained another decree of said court to sell said lands, and was proceeding to do so, as such administrator *de bonis non.* On the hearing, the chancellor dissolved the injunction and dismissed the bill for want of equity.

WHITE & BOYNTON, for appellant.

W. E. BOYD (with whom were WATTS & TROY), *contra.*

BRICKELL, C. J. — It is not necessary to inquire whether the decree of the court of probate, ordering a sale of the lands in controversy, is void, or merely irregular. If void, the legal title to the lands has passed to the appellant by the deed of the sole heir of the intestate, and should not under the facts in this case be clouded by a sale by the administrator *de bonis non,* under a decree of the court of probate. The power of an administrator to sell lands under a decree of the court of probate, for the payment of debts like the power conferred on an executor by will, to sell for the same purpose, cannot be frustrated or impaired by the alienation of the heir. 1 Lomax on Ex. 385. Yet, when a sale is made by an administrator under a void order, and the purchase-money is received and applied in the due course of administration, and the fairness of the sale is not impeached, the purchaser acquires an equity which would entitle him to demand of the heir the legal title. If the heir has conveyed it, he has but done that which he would have been compelled to do, and the conveyance will in a court of equity be sustained, as if it had been by that court decreed. *Wilson* v. *Sheppard,* 28 Ala. 623.

It appears that the administrator in chief made a final setlement of his administration to which the appellee as administrator *de bonis non* was a party. On this settlement the purchase-money received by the administrator in chief for the lots in

[Preston v. Dunham.]

controversy, was charged against him, and accounted for fully. A balance was found due the administrator in chief, for which a decree was rendered against the appellee as administrator *de bonis non*. This settlement and decree operates to estop him from questioning the validity of the order under which the administrator in chief made sale of the lands. If the sale was void, the purchase-money was not assets in the hands of the administrator in chief. *Pettit* v. *Pettit*, 32 Ala. 288. It belonged *ex equo et bono*, to the purchaser. Neither the administrator *de bonis non*, nor the creditors or heirs of the intestate had any claim or right to it. It would be unjust to permit him now after having treated the purchase-money as assets, suffered them charged against the administrator in chief, and after all who have interests in the estate have received all the benefit which could accrue from a regular and valid sale, to treat the sale as void. It would operate a fraud on the purchaser, which cannot be tolerated. Those who have interests in the estate would receive compensation for the lands a second time, at the expense of a purchaser, whose good faith is not impugned. Whenever lands are sold under a decree of the court of probate, and the purchase-money is received by the administrator and accounted for in the settlement of his administration, the sale in a court of equity will be treated as valid, and the parties estopped from impeaching it. *Pickens* v. *Yarborough*, 30 Ala. 408.

The decree of the chancellor is reversed and a decree here rendered, reinstating and perpetuating the injunction, and the appellee must pay the costs in this court, and in the court of chancery.