MARY ANN HOMMEL v. WILLIAM DEVINNEY.

*Name—Deed—Interlineations—Notice by occupation.*

A deed purporting to have been made by William Hommel was sustained as the deed of Wendelin Hommel on evidence that the grantor was known by the former name and answered to it.

It is presumed that alterations and interlineations in the public record of a deed were made by authority.

Possession of land is notice to a purchaser that the holder has an interest in it even though no deed to him is recorded.

Appeal from Wayne. Submitted October 17. Decided October 31.

BILL and CROSS-BILL to remove cloud from title. Decree was granted in favor of the complainant in the original bill, and the cross-bill was dismissed. Devinney, being defendant in the original bill and complainant in the cross-bill, appealed.

*A. J. Linzee* and *Maybury & Conely* for complainant appellee.

*Ward & Palmer* for defendant appellant.

MARSTON, J. Mary Ann Hommel filed a bill of complaint setting forth therein. that she was in the actual possession and held the legal title to certain described lands; that she derived her title thereto by conveyance from her father William Hommel and Mary Eve his wife, dated June 16th, 1857, recorded November 25th, 1867. The bill sets forth that the defendant, Devinney, is attempting to disturb complainant in her possession; that he has set up a claim of title to the premises in opposition to that of complainant, claiming under a conveyance from some of the heirs of William Hommel, dated June 7, 1867, and recorded June 10th, 1872. Complainant prays that defendant may be decreed to release to her his claim to the premises, and for other relief.

Defendant answered denying that complainant was owner of the premises or in the possesson thereof, but on the contrary alleged that he was the owner of an undivided three-fourths of the premises; that he entered upon and was in the peaceable and undisputed possession of said premises from about the 7th day of January, 1867, down to about the first day of August, 1875,

at which time complainant ejected him, erected a house thereon and has ever since continued to hold the same. He denies that he claims title to the premises through any number of the heirs of William Hommel,—denies that William Hommel ever owned or deeded the premises to complainant, or that if he did deed to her, she acquired any title thereto thereby,—alleges that he purchased an undivided three-fourths title to said premises in good faith and for a valuable consideration, from and through certain named persons who were then owners in fee of the interest now claimed by him, as the heirs and legatees of Wendelin Hommel.

Defendant afterwards filed a cross-bill, to which an answer was put in. The facts in each were substantially like those set forth in the original bill and answer. Witnesses were examined in open court, and a decree rendered in favor of complainant in the original cause. Defendant appealed.

We have no doubt but that Wendelin Hommel, by the name of William Hommel, conveyed the premises, as claimed, to complainant; that he was known to many persons by the name of William, and answered to that name, is, we think, fully established. Several witnesses were sworn on the part of the defendant who testified they never heard him called by the name of William, but by that of Wendelin. Their testimony, however, in no way tends to contradict or disprove those sworn on the part of complainant who had heard him called by a different name. The question is not which was the correct name. No doubt Wendelin was; but was he known and called by the name of William also? That he was, we have no doubt, and that the person who executed the deed to complainant by the name William Hommel was the same person known to others as Wendelin Hommel we have no doubt.

The deed in question was not produced on the trial, it being claimed that it was lost. The record thereof from the register's office of Wayne county was intro-

duced, and it was claimed by defendant that such record had, since the making thereof, been fraudulently altered by interlining the word "five" after the word "thirty" so that the lands described would thereby appear to be in section thirty-five instead of in section thirty as originally recorded. It appeared that in this same deed was embraced and conveyed lands in St. Clair county, and a certified copy of the records from that county was introduced from which it appeared that as there recorded these lands were described as being in section thirty. From this it was claimed that the lands in question were not described in the deed from William Hommel to the complainant, and that the change in the Wayne county record was simply a forgery committed by some person unknown.

We cannot adopt this view of the case. Interlineations in the records of deeds are not so unusual as to render the record containing them doubtful or suspicious, and certainly fall far short of indicating a fraudulent alteration. Very clear proof should be required to thus destroy the effect of a public record. A certified copy from the records of St. Clair county would have but slight tendency, if any, to prove a change or alteration of the record of the same instrument in another county, unless we could conclusively presume that the St. Clair record was correct. Why we should, however, presume in favor of one any more than the other has not been made apparent. Nor does the oral testimony, in connection with the memorandum made by Mr. Eaton, since deceased, aid us much. Whether Mr. Eaton made a mistake or not we are unable to say. I think we must presume that all alterations or interlineations made or appearing in a public record, were done in a proper manner by the person having the care and custody thereof, or by some one in his office, having authority so to do. In other words the mere fact that a change has been made, in the absence of evidence

showing the contrary, must be presumed to have been done in a proper and legitimate manner.

It is next claimed that defendant was a *bona fide* purchaser, and is therefore entitled to protection. Complainant was in the actual possession of the premises, at the time defendant purchased, and although the deed to complainant was not then on record, yet defendant could not but have known that the complainant claimed to have some interest in the premises. He should, therefore, have called upon her and ascertained the extent of the interest which she claimed therein, and from what source she derived her title : failing so to do, he is chargeable the same as though he had called upon her and ascertained fully all the facts.

The decree of the court below in favor of complainant in the original cause, and the dismissal of the crossbill, must be affirmed with costs.

The other Justices concurred.