# Robertson *v.* Bradford.

*Bill in Equity by Purchaser at Administrator's Sale to enjoin Action of Ejectment by Heir.*

1. *Sale of decedent's land; when void.*—An order of the probate court for the sale of a decedent's land, based on an application which does not allege the existence of facts upon which the jurisdiction of the court is made by statute to depend, is *coram non judice* and void; and a sale made in pursuance thereof is a nullity.

2. *When parties estopped to assail judicial proceedings.*—No person, whether *sui juris*, or under disability, who has received and retains the fruits of a judicial proceeding, can be heard to assail it either for irregularity or illegality, to the prejudice of others, who have in good faith relied and acted upon it; and in the application of this principle, it is immaterial that the proceeding is void for want of jurisdiction in the court entertaining and sanctioning it.

3. *When heir estopped from setting up legal title to land sold under void order of probate court.*—Where an administrator sells land of his intestate under a void order of the probate court for its full value, and the purchase-money is paid to, and used by the administrator in paying the debts of the estate, and in the maintenance of a sole and minor heir, such heir, not having made or tendered restitution of the purchase-money, is estopped in equity from asserting his legal title to the prejudice of the purchaser or his privies.

4. *When assignments of error considered as waived.*—Assignments of error, which are not insisted on in argument, will be regarded as waived.

APPEAL from Macon Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed on 10th July, 1882, by Joseph W. Bradford against Chlotilde Robertson, to enjoin an action of ejectment brought by her against him in the Circuit Court of Macon county, for the recovery of a certain lot of land situate in the town of Tuskegee. As appears from the averments of the bill, and from the evidence, E. A. Ligon departed this life intestate, in 1863, seized and possessed of said lot, and leaving as his only heir at law his daughter, Chlotilde Ligon, who was then a minor of tender years; and soon thereafter R.

[Robertson v. Bradford.]

F. Ligon was duly appointed the administrator of his estate. On 15th August, 1863, said administrator filed in the Probate Court of Macon county, in which the administration of said estate was pending, a petition, setting forth that said estate was indebted, that it was "necessary to sell property to pay the debts of said estate," and that "it would be more to the interest of all the parties to sell the house and lot [in controversy] than the personal estate;" and praying a sale thereof for the payment of debts. On this petition a decree was rendered, ordering a sale of the lot; and, on 21st October, 1863, the lot was sold under the decree to Wm. P. Wood for its full value, who on the same day paid the purchase-money in Confederate money, and received from the administrator a deed, conveying to him the lot. On 28th February, 1865, said administrator made a partial settlement of his administration; and on 22d November, 1875, he made a final settlement thereof. It is also averred and proved that the proceeds of the sale of said lot were applied to the payment of the debts of said decedent, and to the maintenance of the defendant. The complainant claims under Wm. P. Wood, the purchaser at said sale; and the defendant, as the only heir of said decedent. After the final settlement, the said Chlotilde Ligon intermarried with C. E. Robertson; and on 29th July, 1880, being still a minor, and suing by her husband as her next friend, she commenced the action of ejectment sought to be enjoined. At the time this suit was commenced, she had attained her majority.

The cause was submitted on demurrer to the bill, motion to dismiss it for want of equity, and on pleadings and proof; and on the hearing, the chancellor caused a decree to be entered, overruling the demurrer and motion to dismiss, and granting complainant relief.

These rulings, and others on the admissibility of testimony, not necessary to be here noticed, are now assigned as error.

W. C. Brewer, for appellant.

W. F. Foster, contra.

BRICKELL, C. J.—The question of merit and importance in this case, that which is decisive of the rights of the parties, has been of frequent consideration and decision in this court, and we deem further discussion of it unnecessary. The legal title to the lands in controversy resides in the appellant; the proceedings in the court of probate, had at the instance of the personal representative of her ancestor, did not operate its divestiture, as we have heretofore decided.—*Robertson v. Bradford*, 70 Ala. 385. The petition or application to the court of

probate for an order of sale, not alleging the existence of the facts upon which the jurisdiction of the court is made by statute to depend, the order granted was *coram non judice,*. It did not confer upon the personal representative authority to sell, and the sale made in pursuance of it was a nullity. The sale was made, however, the value of the premises being bid and paid, received by the personal representative, and by him applied to the payment of the debts of the ancestor, removing them as charges upon the personal estate, and to the maintenance of the appellant in the helplessness of her infancy. Restitution of it is not tendered, nor is it intended. In a court of equity, these facts estop the appellant from asserting her legal title to the prejudice of the purchaser, or his privies. There is no principle of law better settled, or resting on wiser considerations of public policy, and higher considerations of justice, than that no person, whether *sui juris*, or under disability, and the character of the disability is not of importance, who has received and retains the fruits of a judicial proceeding, can be heard to assail it, either for irregularity or illegality, to the prejudice of others who have in good faith relied and acted upon it as valid. In the application of this principle, it is not of importance, that the proceeding is void because of a want of jurisdiction in the court entertaining and sanctioning it. The foundation of the principle is, that parties can not act upon and adopt such parts of a transaction as may be favorable and beneficial to themselves, and, at the same time, repudiate it so far as it may involve them in corresponding duties to others, who have yielded the right and advantage to them.—*Pickens v. Yarborough*, 30 Ala. 408; *Williamson v. Ross*, 33 Ala. 509; *Wright v. Ware*, 50 Ala. 549; *Bell v. Craig*, 52 Ala. 215; *Bland v. Bowie*, 53 Ala. 153; *McCully v. Chapman*, 58 Ala. 325; *Goodman v. Winter*, 64 Ala. 410.

The assignments of error relating to the objections to evidence have not been insisted on in the argument of counsel, and we regard them as waived.—1 Brick. Dig. 102, § 285.

Affirmed.