[Smith v. Lusk.]

# Smith v. Lusk.

*Bill in Equity to Divest Legal Title and for Receiver.*

1. *Purchase of lands by administrator at probate sale; when void.*
   Where an administrator, individually, purchases lands at a
   sale under a decree of the probate court, for distribution
   among the heirs, reports the sale and same is confirmed with-
   out notice to the heirs and distributees, a conveyance to him
   by a commissioner appointed for that purpose is void, al-
   though the entire purchase money was paid and distributed.

2. *Estoppel; divestiture of title.*—In such case the receipt and re-
   tention of the purchase money by the heirs estops them from
   asserting their legal title against the equity of the purchaser,
   even though they be *non sui juris;* and the purchaser or his
   grantee may come into equity to divest the legal title out of
   the heirs and invest it in such complainant.

3. *Mortgage with personal covenants: when assignable.*—A mort-
   gage containing a personal covenant on the part of the mort-
   gagees "to use all proper diligence" to reach certain outside
   funds and apply same on the mortgage debt, is assignable,
   when the mortgagees have fully complied with all the obliga-
   tions assumed in the mortgage, and paid the debt it was
   given to indemnify them against.

4. *Res adjudicata.*—In a suit by the creditors of the mortgagor to
   declare certain other conveyances a general assignment for
   the benefit of creditors, the mortgagor and the assignee of the
   mortgage being made parties, a decree in favor of the as-
   signee, ascertaining the amount due him as the holder of the
   mortgage, is *res adjudicata* as to the validity of the assign-
   ment of the mortgage.

5. *Right of assignee of mortgage to purchase at sale under power.*
   A stipulation in a power of sale in a mortgage authorizing
   the mortgagee to purchase at his own sale, is a part of the
   security, and passes to an assignee of the mortgage. On
   foreclosure and purchase by the assignee, the mortgagor has
   no election to disaffirm.

6. *Rights of equitable owner; relief.*—Complainants, having a good
   equitable title to lands, and in equity the right to the immedi-
   ate possession, are also entitled to stay waste pending the liti-
   gation to divest the legal title, and, as a part of their relief,
   to a decree for possession, and for the value of the use and oc-
   cupation.

7. *Receiver; insolvency; rents; waste.*—Where, in such case, the
   defendants are insolvent,—a decree for rents, income, and

[Smith v. Lusk.]

profits being worthless,—and it is shown that defendants are committing waste by the destruction of timber for which the land is chiefly valuable, a receiver is properly appointed.

APPEAL from Marshall Chancery Court.

Tried before Hon. WM. H. SIMPSON.

John A. Lusk and Robert N. Bell filed their bill against appellants, two of whom were minors, to divest the legal title to certain lands out of defendants, invest same in complainants, and to foreclose a mortgage of which complainants were assignees. Complainants applied for the appointment of a receiver, and this appeal is taken from the decree of the chancellor appointing a receiver. The facts are sufficiently stated in the opinion.

AMOS E. GOODHUE, for appellants.—This is not a case for the foreclosure of a mortgage and the principles laid down in *Jackson v. Hooper,* 607 Ala. 634, are not applicable. A receiver should not be appointed where defendants hold possession under a legal title, and the effort is to enforce a mere equity under the facts in this case.—*Beech on Receivers,* 66 and 69.

LUSK & BELL, *contra.*—The administrator purchasing at his own sale, under the facts in this case, did not acquire the legal title.—*Bogart v. Bell,* 112 Ala. 412. But the heirs having accepted the proceeds of the sale, he acquired an equity which the chancery court will uphold and protect. No person, whether *sui juris* or not, who receives and retains the fruits of judicial proceedings can assail them for irregularity or illegality.—*Pickens v. Yarbrough,* 30 Ala. 408; *Bell v. Craig,* 52 Ala. 215; *Wilson v. Sheppard,* 28 Ala. 623; *Whitehead v. Jones,* 56 Ala. 152; *Robertson v. Bedford,* 73 Ala. 116; *Jones v. Woodstock Iron Co.,* 95 Ala. 551; *Oden v. Dupuy,* 99 Ala. 36; *Creamer v. Holbrook,* 99 Ala. 52; *Allison v. Allison,* 21 So. 1008. Mortgage given as indemnity, after payment by the mortgagee, may be assigned.—2 Am. & Eng. Encyc. of Law, (2d Ed.), 1044; 45 Am. Rep. 204; 1 Jones on Mort. (2d Ed.), 802; *Holman v. Shanahan,* 18 Am. Rep. 281.

McCLELLAN, J.—The theory of the bill in this case, which is prosecuted by John A. Lusk and Robert N. Bell against Seaborn T. Smith and others, is that Smith had,

not the legal title, but a perfect equity in and to all the land in controversy prior to and on April 1st, 1895; that on that day he conveyed to a trustee for the benefit of his creditors the northeast quarter of the northwest quarter and the one-third undivided interest in the northwest quarter of the northeast quarter of section 36, township 8, range 2 east, that these lands were sold by said trustee in the execution of the trust, and purchased by the complainants; that on September 2, 1895, Smith and his wife mortgaged the south half of the northeast quarter and the north half of the southeast quarter of said section 36 to James E. Butler and others; that this mortgage was efficaciously assigned to complainants and they on December 16, 1896, sold said land under the power of sale contained in the mortgage, and purchased at their own sale, but without authority so to purchase being given in the instrument; that complainants, therefore, now have a perfect equity in and to the first described parcel of land, and either a perfect equity or the rights of mortgagees of a perfect equity, depending upon whether Smith elects to affirm or disaffirm this purchase at the mortgage sale, in and to the parcel of land (160 acres) last above described; and further that the naked legal title to all the land is in the heirs of one Washington W. Griffin, deceased, who are made parties defendant to the bill. This theory as to the status of complainants' rights and interests in the property is supported by the facts averred in the bill. Seaborn Smith's perfect equity is rested by the averments on the sale by him as administrator of said Griffin of all the land under a decree of the probate court, the purchase by him individually at such sale, the report and confirmation of the sale without notice to the heirs and distributees of said estate, the payment by him of the purchase money in full and its distribution to said heirs who still retain the same, the execution to him of a deed by a commissioner appointed by the probate court to that end, and his possession under said sale and purchase. On these facts the conveyance of the legal title to Smith was void. —*Bolling v. Smith,* 108 Ala. 411; *Bogart v. Bell,* 112 Ala. 412. But the receipt and retention by the heirs of the purchase money bid and paid by Smith estops them to assert their legal title against his equity, even though they be *non sui juris.*—*Woodstock Iron Co. v. Fullen-*

*wider,* 87 Ala. 584; *Ellis v. Ellis,* 84. Ala. 348; *Robertson v. Bradford,* 73 Ala. 116, and authorities there cited. And in such case the purchaser or his grantee may come into equity to divest the legal title out of the heirs and invest it in such complainant.—*Bell v. Craig,* 52 Ala. 215; *Whitehead v. Jones,* 56 Ala. 152; *Bland v. Bowie,* 53 Ala. 152.

The theory of the bill as to the manner and the fact of complainants' acquisition of Smith's equitable title to the land first above described, the northeast quarter of northwest quarter and the one-third undivided interest in the northwest quarter of the northeast quarter of said section thirty-six is rested upon its averments that Smith mortgaged this land to Henry to secure a debt, that at the suit of other creditors this mortgage was held to be part of a general assignment for the benefit of all the mortgagor's creditors and decreed to be and was sold accordingly; and that complainants purchased it under that decree and sale and took a conveyance thereof. It is not questioned but that complainants in this way succeeded to all the right and title of Smith in this part of the land. As to the other part—the south half of northeast quarter and the north half of southeast quarter of said section—there is a contention on the part of appellants that the mortgage to Butler and others was not assignable because it contained certain personal covenants on the part of the mortgagees "to use all proper diligence" to secure certain funds in the registry of the chancery and apply the same to the liability which the mortgage was intended to secure. As to this, however, and as to all the other conditions of the instrument, the bill alleges that said mortgagees fully complied with all the obligations they assumed in said mortgage, actually paying the liability the mortgage was executed to indemnify them against; and further that in the cause in which the creditors of Smith sought to and succeeded in having his mortgage to Henry along with other conveyances or transfers of property declared a general assignment for creditors, the complainants as assignees of the Butler mortgage and the said Smith were parties, and it was therein decreed that Smith owed these complainants as such holders of that mortgage $1,110.46 which he was adjudged to pay. On these averments our conclusion is that the mortgage was assignable (Code 1886, §1762);

but whether so or not as an original proposition the validity of the assignment became *res adjudicata* between the parties by the decree just mentioned. This Butler mortgage contained, as we have seen, a power of sale. It also contained an authorization to the mortgagees to purchase at any sale under the power, a fact to which we have not averted. This authorization was a part of the security afforded by the instrument, and as such passed to the complainants as assignees of the mortgage.— *Ward v. Ward,* 108 Ala. 278. It follows that complainants' theory of their case as outlined above is not supported by the averments of the bill in this particular. Having authority to purchase at their sale under the power, and having purchased, the foreclosure is as perfect and complete as if a stranger had been the purchaser, and the mortgagor has not the election to disaffirm the foreclosure, as is assumed in the bill.

These considerations lead to the conclusion that the bill has equity for the divestiture of the legal title out of the heirs of Griffin, all whom are made parties defendant and the investiture of it in the complainants; but it has no equity and presents no case for the foreclosure of a mortgage since there is no subsisting mortgage between the parties on the land.

But it does not follow that complainants were not entitled to have a receiver appointed. To the contrary we think the receiver was properly appointed. Complainants having a good equitable title to the land, and in equity the right to its immediate possession, are also in equity entitled to its rents, incomes and profits and to stay waste pending the litigation. A part of the relief they here seek and are entitled to, if they prove the case they have stated in their bill, is a decree for possession and for the value of the use and occupation; and on the averments as to the insolvency of the defendants in possession the decree for rents, etc., would be entirely abortive without the appointment of a receiver. Again they are entitled to the land as it is at the filing of the bill. Yet if the averments as to the land being chiefly valuable for its timber and as to the defendants denuding it of its timber be true, and they must be taken to be true for present purposes, the appointment of a receiver would be the most, if not the only, effective means of conserving the value of the land pending the litigation. And we

are clear that the fact of insolvency and the fact of timber destruction taken together fully justify the appointment of the receiver.—20 Am. & Eng. Ency. Law, 37. The case, in its nature and results, bears much analogy to an action of ejectment at law, and the facts averred as authorizing the appointment of a receiver are those which are recognized as justifying that interlocutory relief pending a suit to recover possession of lands on a legal title.—20 Am. & Eng. Ency. Law, p. 47; *Cortlegen v. Hathaway,* 64 Am. Dec. note p. 494; *Beach on Receivers,* §494; *High on Receivers,* §676.

The order appointing the receiver is affirmed.

Affirmed.