(114 So. 208)

LAIRD et al. v. COLUMBIA LOAN & INVESTMENT CO. (6 Div. 803.)

Supreme Court of Alabama. June 30, 1927.

Rehearing Denied Oct. 20, 1927.

1. Executors and administrators ⚖══395—Administrator, who purchased intestate's lands, held, on face of record, entitled to have legal title vested in him.

On face of records showing administrator's sale to himself of lands of estate, order of confirmation in 1878, and final settlement on due notice to heirs in 1881 without final conveyance, administrator was, in individual capacity, entitled to have legal title vested in him by bill in equity.

2. Executors and administrators ⚖══388(1)— Claimant to lands through administrator's sale was not required to show affirmatively that heirs knew identity and price of lands sold.

Complainant, claiming perfect equity in lands through judicial sale by administrator to himself to pay decedent's debts, was not required to show affirmatively that heirs had ac-

tual knowledge of identity and price of lands sold, since, being before the court, they were charged with notice of the proceedings.

**3. Executors and administrators ☞388(1)— Equity rule charging heirs with notice of identity and price of lands sold by administrator is based on policy of protection to purchasers at judicial sales.**

The equity rule charging heirs with notice of the identity and price of lands sold by an administrator to pay debts of decedent is based on a policy of protection to purchasers at judicial sales and those holding under them in good faith.

**4. Executors and administrators ☞388(1)— Rule charging heirs with notice of administrator's sale of lands extends to heirs not sui juris.**

Rule charging heirs with notice of the identity and price of lands sold by an administrator to pay debts of the decedent extends to and includes heirs not sui juris.

**5. Executors and administrators ☞377— Heirs' failure for prescriptive period to refund purchase money of land sold by administrator to himself were cut off, and administrator's successor entitled to enjoin ejectment.**

Where heirs charged with notice of administrator's sale of land to himself failed for the prescriptive period of 20 years to refund purchase money received by them or used to discharge debts, they were cut off, and equity would enjoin suit in ejectment by them against the administrator's successor in interest.

**6. Judgment ☞876(1)—Decrees on distribution would be presumed paid after lapse of 20 years.**

Decrees on distribution would be presumed to have been paid after the lapse of 20 years, in suit to enjoin ejectment by the heirs against the successor in interest of an administrator, who, in his individual capacity, purchased land of decedent at administrator's sale.

**7. Executors and administrators ☞383—Administrator's report could not be impeached in collateral suit by his successor in interest to enjoin ejectment proceedings brought by heirs.**

Administrator's report of sale of land under judicial proceedings for the payment of debts could not be impeached in a collateral suit by the administrator's successor in interest to enjoin ejectment proceedings by the heirs.

**8. Evidence ☞386(1)—Judicial records import absolute verity, and may not be contradicted in collateral proceedings.**

Judicial records import absolute verity, and may not be contradicted, in collateral proceedings, by other evidence.

**9. Executors and administrators ☞374—Evidence of alterations in administrator's report held insufficient to overcome, after more than 20 years, presumption of verity.**

Evidence of alterations in administrator's report of sale of land, indicating erasures and insertions in description, *held* insufficient to overcome presumption that alterations were made with authority to make them speak the truth, after the lapse of more than 20 years, even if the presumption was rebuttable.

**10. Records ☞12—Alterations of public records are presumed to have been made with authority for purpose of correction.**

Alterations of public records are presumed to have been entered by some one with authority and to have been made for correction, so that the record as it stands is true.

**11. Executors and administrators ☞374—Administrator's report of sale of land will, after lapse of 20 years, be presumed true, notwithstanding manifest alteration.**

Administrator's report of sale of land to pay debts, made pursuant to law, and preserved as the permanent memorial of judicial proceedings, will, after lapse of 20 years, be presumed to show the true report of sale as made while the matter was in fieri, notwithstanding manifest marks of alteration.

**12. Evidence ☞277—Former administrator's declarations in disparagement of title under purchase and sale by him individually of his intestate's land, held not admissible, as declarations against interest.**

Declarations in disparagement of his title, by one who, while administrator, purchased lands of his intestate, made long after he had conveyed his interest to claimant's mesne grantee, *held* not admissible, as declarations against interest.

**13. Alteration of instruments ☞29—Evidence held not to show alleged alteration of administrator's report of sale.**

Evidence *held* not to show claimed alteration of description of land in administrator's report of sale to pay debts.

**14. Evidence ☞82—All intendments will be indulged in favor of holders of land on faith of verity of record of administrator's sale, where final settlement was in 1881.**

All intendments will be indulged in favor of those holding on the faith of the verity of the record of an administrator's sale of lands to pay debts, where the proceedings were had in 1878, and the final settlement was made in 1881.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill for injunction by the Columbia Loan & Investment Company against William A. R. Laird and others. From a decree for complainant, respondents appeal. Affirmed.

Theodore J. Lamar and W. A. Weaver, both of Birmingham, for appellants.

Appellee did not buy the record legal title, and is not an innocent purchaser for value. Webb v. Elyton Land Co., 105 Ala. 471, 18 So. 178; State v. Conner, 69 Ala. 212. The record of proceedings in the probate court does not entitle appellee to a perfect equity in the property here involved. Whitehead v.

Jones, 56 Ala. 152. The averments and proof as to estoppel are not sufficient. Bigelow on Estoppel (6th Ed.) 600; 21 C. J. 1166; Porter v. Wheeler, 105 Ala. 451, 17 So. 221; Miller v. Ahrens (C. C.) 163 F. 870; Wiser v. Lawler, 189 U. S. 260, 23 S. Ct. 624, 47 L. Ed. 802; Ivy v. Hood, 202 Ala. 121, 79 So. 587; Miller v. Hampton, 37 Ala. 342; Wilkinson v. Searcy, 74 Ala. 243; Austin v. Jones, 41 So. 408;[1] Butt v. McAlpine, 167 Ala. 521, 52 So. 420; Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am. St. Rep. 81; Moore v. Robinson, 62 Ala. 537. The testimony of Gwin was admissible as an admission against interest. 3 Wigmore on Evid. (2d Ed.) § 1457; Coulson v. Scott, 167 Ala. 606, 52 So. 436; Knight v. Hunter, 155 Ala. 238, 46 So. 235; South v. Deaton, 113 Ky. 312, 68 S. W. 137, 1105. Deeds introduced by appellee were immaterial. Ivy v. Hood, supra.

Edward T. Rice, of Birmingham, for appellee.

Gwin acquired an equitable title to the land which would entitle him or his vendee to demand the naked legal title. Laird v. Columbia L. & I. Co., 204 Ala. 246, 85 So. 521; Bell v. Craig, 52 Ala. 215; Pickens v. Yarborough, 30 Ala. 408; Bland v. Bowie, 53 Ala. 152; Robertson v. Bradford, 73 Ala. 116; Ellis v. Ellis, 84 Ala. 348, 4 So. 868; Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am. St. Rep. 73; Oden v. Dupuy, 99 Ala. 36, 11 So. 419, 12 So. 605; Creamer v. Holbrook, 99 Ala. 52, 11 So. 830; Smith v. Lusk, 119 Ala. 394, 24 So. 256; Herman on Estoppel, §§ 800–802. An ancient document is one not less than 30 years old. Doe v. Eslava, 11 Ala. 1028; 22 C. J. 945. After 20 years, regularity of judicial proceedings will be conclusively presumed. Wyatt v. Scott, 33 Ala. 313; Smith v. Wert, 64 Ala. 34. The final record, and not the original papers, constitutes legal evidence as to what the record contains. Duncan v. Freeman, 109 Ala. 185, 19 So. 433. The regularity of all judicial records must be presumed. Lacey v. Southern M. L. Co., 180 Ala. 57, 60 So. 283; Sloss Co. v. Lollar, 170 Ala. 239, 54 So. 272; Coulson v. Scott, 167 Ala. 606, 52 So. 436; Cotton v. Holloway, 96 Ala. 544, 12 So. 172. The recorded deeds were notice to the heirs that acts of ownership were being exercised over the lands by the predecessors of complainant, and defendants cannot now assert their rights after valuable improvements, openly made, without objection by defendants. Scruggs v. Decatur Land Co., 86 Ala. 173, 5 So. 440; James v. James, 55 Ala. 525; 15 Cyc. 171; Hendrix v. Southern R. Co., 130 Ala. 205, 30 So. 596, 89 Am. St. Rep. 27.

BOULDIN, J. Bill in equity to enjoin suits in ejectment to divest the legal title to lands

---

[1] Reported in full in the Southern Reporter; not reported in full in 148 Ala. 659.

held by respondents and vest same in complainant. The equity of the bill was sustained in Laird v. Columbia Loan & Investment Co., 204 Ala. 246, 85 So. 521. Former litigation involving property similarly situated appears in Snow v. Bray, 198 Ala. 398, 73 So. 542. The present appeal is from the decree granting relief to complainant.

Respondents, plaintiffs in ejectment, claim as heirs of A. H. Laird, deceased. Complainant claims a perfect equity in the lands through judicial proceedings in the probate court for the sale of the lands to pay debts of the decedent.

[1] M. M. Gwin was administrator de bonis non of the Laird estate. The records of the probate court disclose that petition was duly filed by the administrator for the sale of the lands of the estate, including the lands in suit; that by regular proceedings, the heirs having notice, an order of sale was duly granted; that the administrator filed his report showing a sale of the entire property; that he had bid off 120 acres therein described, including the lands here involved, for $325.00; that the land was sold at a fair and reasonable price; and expressing a willingness to pay for and take the lands bid off by him. An order of confirmation was entered.

These proceedings were in 1878. In 1881 a final settlement was made, the heirs all having due notice, wherein it sufficiently appears the administrator was charged with and accounted for the purchase money and interest thereon; the same being applied, with other assets, to the payment of debts and costs of administration, with small balance decreed upon distribution to the heirs. No conveyance nor order of conveyance to Gwin was made. On the face of these records N. M. Gwin was, upon payment in full, the owner of a perfect equity in the lands, and entitled to have the legal title vested in him by bill in equity. William A. R. Laird et al. v. Columbia Loan & Investment Co., 204 Ala. 246, 85 So. 521; Smith v. Lusk, 119 Ala. 394, 24 So. 256; Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 586, 6 So. 197, 13 Am. St. Rep. 73; Bell v. Craig, 52 Ala. 215; Bland v. Bowie, 53 Ala. 152; Robertson v. Bradford, 73 Ala. 116; Ellis v. Ellis, 84 Ala. 348, 4 So. 868; Oden v. Dupuy, 99 Ala. 36, 11 So. 419, 12 So. 605; Creamer v. Holbrook, 99 Ala. 52, 11 So. 830; Pickens v. Yarborough, 30 Ala. 408; Herman on Estoppel, §§ 800, 801, and 802.

[2-4] It was not necessary, as appellants assume, for complainant to show affirmatively that the heirs had actual knowledge of what lands Gwin had purchased and the price thereof. Being before the court, they were charged with knowledge of the proceedings. The equity rule in such cases is grounded upon a policy of protection to persons buying at judicial sales, and those holding under them in good faith. The rule extends to and includes heirs not sui juris.

[5] No election to refund the purchase

money received by the heirs, or used to discharge the debts against the land, being exercised within the prescriptive period of 20 years, all are cut off, and equity will enjoin suits in ejectment.

[6] The decrees upon distribution are presumed to have been paid after the lapse of 20 years, and no proof of payment was required. Solomon v. Solomon, 81 Ala. 506, 1 So. 82.

[7, 8] Respondents' chief contention rests upon a contradiction or impeachment of the record of the report of sale in the matter of the description of the property purchased by Gwin. The contention is that, in fact, Gwin purchased only one 40-acre tract, instead of three as shown by the record, and that the S. W. ¼ of S. E. ¼ of section 12, township 18, range 4 west, which includes the lands in suit, was not purchased and paid for as appears from the record. Judicial records import absolute verity. They cannot be contradicted in collateral proceedings by other evidence. L. & N. R. Co. v. Perkins, 152 Ala. 133, 44 So. 602; Ex parte Rice, 102 Ala. 671, 15 So. 450; Thomason v. Odum, 31 Ala. 108, 68 Am. Dec. 159; 22 C. J. p. 968, § 1206; 23 R. C. L. p. 158, § 7.

[9] The specific question here is in effect a denial of 'the genuineness of the record; a charge that there has been a fraudulent alteration of the record of the report of sale so as to include the lands in suit.

Photographic copies of the original record are sent up for inspection. It appears the record is upon a book of printed forms, with blanks for filling in the description and other details. The blanks in the instant case were filled out in manuscript. On inspection there is some indication of an erasure and certain words, including description of this 40, written over the erased space.

[10] Alterations of public records are presumed to be entered by some one with authority, and to have been made for correction, so that the record as it stands is true. 34 Cyc. 591; Hommel v. Devinney, 39 Mich. 522; Sheip v. Price, Page & Co., 3 Pa. Super. Ct. 1.

Assuming, but not deciding, that this is a rebuttable presumption even as to judicial records on collateral attack, we do not find sufficient evidence to overturn this record after the lapse of more than 20 years.

[11] The original report of sale on file was offered, and ordered sent up for inspection, but was not found with the record. This we deem immaterial. A'ssuming, as claimed, that it contains more manifest marks of alteration, the presumption is, there being no evidence of when, why, or by whom made, that they were made by amendment in due course, and the record made pursuant to law and preserved as the permanent memorial of judicial proceedings will be presumed to show the true report of sale as made while the matter was in fieri. Duncan v. Freeman, 109 Ala. 185, 19 So. 433.

As early as 1884, M. M. Gwin executed a deed to the entire property to Andrew Tulley, who had married Rebecca Laird, widow and dowress of decedent. This deed shows on its face a purpose to correct a deed, also appearing in the record, made in 1878, the year of Gwin's purchase. The complainant deraigns title through a long series of mesne conveyances from Tulley. Tulley's conveyance was recorded in 1884, and all the successive conveyances were duly recorded. There is evidence of intermittent acts of possession under these conveyances, but no assertion of a claim or possession by the heirs for more than 20 years. The suits in ejectment were brought in 1917, after valuable improvements were erected thereon by complainant.

[12] Declarations of M. M. Gwin in disparagement of his title long after he had conveyed the property by deed with statutory warranty to Tulley cannot be considered as evidence against this complainant, upon the theory that they were declarations against interest by a person since deceased.

[13] Reverting to the record of the report of sale, the contention of respondents appears to be that Gwin purchased only one of the three numbered 40's.

[14] There is no indication of erasure or change in the record of two numbered 40's in section 7. These appear in the unquestioned handwriting of the recorder of the report of sale, as well as the order made thereon. The orderly sequence of the record, as well as unquestioned contents, would be destroyed by acceptance of the theory of appellants. The report would also be incomplete in failing to show full compliance with the order of sale or reason for failure so to do. After the lapse of this long period of time, all intendments will be indulged in favor of those holding on the faith of the verity of the record of these judicial proceedings. Lacey v. So. Min. Land Co., 180 Ala. 57, 60 So. 283; Sloss-Sheffield S. & I. Co. v. Lollar, 170 Ala. 239, 54 So. 272; Coulson v. Scott, 167 Ala. 606, 52 So. 436; Cotton v. Holloway, 96 Ala. 544, 12 So. 172; Smith v. Wert, 64 Ala. 34; Wyatt v. Scott, 33 Ala. 313; McArthur v. Carrie's Adm'r, 32 Ala. 75, 70 Am. Dec. 529; Lay's Ex'r v. Lawson, 23 Ala. 377; Gantt v. Phillips, 23 Ala. 275.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

### On Rehearing.

BOULDIN, J. Appellants insist upon rehearing that there was no order of confirmation as to the lands purchased by Gwin, the administrator. The decree deals with the report of sale "of the lands of said estate set forth and particularly described in said decree," referring to the decree of sale. After usual recitals that the sale was duly adver-

tised, was fairly conducted, the land sold for an amount not greatly less than its real value, etc., it was ordered that the report be approved and recorded. It concludes:

"And it is further ordered that the said sale be and the same is hereby confirmed."

In a separate paragraph the court then proceeds to make the order of conveyance to Vines. This decree of conveyance says nothing as to the lands purchased by the administrator. Clearly enough the decree shows a confirmation of the sale as reported, the sale of the entire property. At that time, 1877, the statute did not require the report to lie over 10 days. Code 1876, § 2467. This requirement was brought in by amendment in 1879. Acts 1878–79, p. 77.

We are not saying that a decree of confirmation is essential to relief in a case of this character. This is written in response to the earnest insistence of appellants' counsel that a mistake of fact was made in the opinion.

The application for rehearing is overruled.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.