173 So. 851

## BLAIR v. BROOKS.

### 7 Div. 412.

Supreme Court of Alabama.

March 11, 1937.

Rehearing Denied April 15, 1937.

A. L. Crumpton, of Ashland, for appellant.

Hardegree & Dempsey, of Ashland, for appellee.

130

FOSTER, Justice.

This suit was begun August 17, 1935, as an action of ejectment by Della Blair against J. W. Brooks, and was transferred into equity on motion of defendant. A bill was then filed and it was tried on issues so made on testimony taken orally in open court.

The evidence shows that one G. W. Dyson died in 1878, and left lands in excess of the exemption allowed by law, which are the subject of this controversy. Dyson left a widow and minor child. There was no will produced or probated and no administration on the estate, nor assignment of dower or homestead. The following year after Dyson died, his widow married complainant J. W. Brooks, and lived with him on the land, rearing a large family, until she died in January, 1934. E. L. Horn was the father of Mrs. Dyson who married Mr. Brooks. After Dyson's death, Mr. Horn proceeded to act as executor, claiming he had been so named in a will never probated. Dyson had a small amount of personal property in addition to the land. Mr. and Mrs. Brooks moved on the land at once, in the year 1879. Della (appellant) was about four to five years old, and was there reared to womanhood by them. On December 26, 1883, Mr. Horn executed an instrument which recited that it was to stand as a showing that he was legal executor of G. W. Dyson, conveying "all of the rights, titles, claims and business, that his will guaranteed unto me into the hands of J. W. Brooks and D. A. Brooks his wife. D. A. Brooks be-

ing the legal owner of said property and business the said property known consists in land known as to-wit" (describing it by numbers). It has an habendum clause and warranty, and is signed by E. L. Horn, without any designation otherwise.

Mr. Brooks claims that he bought the land at a public sale advertised by Mr. Horn for $600, and that he paid it. He also insists that Mr. Horn used the money, all but $50 to pay debts owing by Dyson, and the $50 was paid to Della. The evidence as to that tends to show that Mr. Horn first paid those debts consisting of the balance of purchase money on some of it, and also paid a doctor's bill, and other debts. That evidence is very unsatisfactory, and naturally so, after some fifty years.

Mr. Brooks and his family lived on the land as one family until about 1897, when Della married and left the home. On March 8, 1897, she signed a receipt for a $50 note (afterwards paid), reciting that it was a final settlement by Mr. Horn "chief executor of the will of said G. W. Dyson."

On September 19, 1903, Mr. Horn and wife executed another instrument, reciting that he was "said county executor of the last will and testament of G. W. Dyson, deceased, send greeting; E. L. Horn," and further reciting: "Whereas by said will the land hereafter described was to be given to D. A. Brooks (nee Dyson) by the terms of said will, and whereas by the terms of said will, the undersigned executor was empowered and directed to carry out the provisions of said will; E. L. Horn."

It then proceeded in consideration of $1, paid by D. A. Brooks and J. W. Brooks, to convey the land to them, with habendum and warranty clauses. The deed was at once recorded. Mr. Brooks testified Mrs. Blair had knowledge of both deeds. She testified she did not until this suit was begun.

The principle is invoked by appellee that when the personal representative undertakes to make a sale of land of decedent, but some requirement is not observed, so that the sale is void, but the administrator collects the purchase money and uses it in paying debts of the estate and other proper distribution as though the sale had been legal, a court of equity will estop all parties, including infants, from asserting the nullity of the proceeding,

certainly without refunding the amount of the purchase price. Williams v. Uptagrafft, 232 Ala. 454, 168 So. 570; Robertson v. Bradford, 73 Ala. 116; Laird v. Columbia Loan & Inv. Co., 216 Ala. 619, 114 So. 208; Id., 204 Ala. 246, 85 So. 521; Marx v. Clisby, 130 Ala. 502, 30 So. 517.

■ When one assumes to act. as administrator or executor by taking over personal property of decedent and disposing of it as if he were duly qualified, he is called an executor or administrator de son tort, and the fact that he has been named executor in a will not probated does not add legality to his conduct. Lowery v. Lowery, 225 Ala. 376, 143 So. 556. A person so dealing with the goods of a decedent is protected from a personal judgment to the extent that he acts in good faith and applies the property to the purposes to which it would be due if the administration were with due authority. 24 Corpus Juris, 1221, § 2934. See Means v. Hicks' Adm'r, 65 Ala. 241.

■ So that the question is whether or not Mrs. Blair is estopped on the principle we have declared. In Robertson v. Bradford, supra, the administrator was one de jure, but his sale was absolutely void, because his petition did not confer jurisdiction on the court. The person then asserting its invalidity was a minor when the sale was made, and received none of its proceeds, but they were used in paying debts of the ancestor. The court applied the principle by saying that "parties cannot act upon and adopt such parts of a transaction as may be favorable and beneficial to themselves, and, at the same time, repudiate it so far as it may involve them in corresponding duties to others." The only adoption of the transaction there was an acceptance of the fact that debts of the estate were paid. The land was subject to those debts, in so far as the fee is concerned, which Mrs. Blair inherited as an heir. She also received $50 from this executor de son tort in full settlement. She says that related only to personalty. But the use of the land to pay debts released the personalty which resulted to her profit, as Judge Brickell pointed out in the case last above cited. She cannot have those benefits and permit the debts to be paid, and also recover the land, without seasonable offer of restoration of the consideration to the purchaser to that extent. The judge trying the case, on evidence taken in open court, found those to be the facts.

■ As we have said, the truth is obscured by fifty or more years. The question of whether during this time she had notice of the sale to J. W. Brooks and Mrs. Brooks is conflicting. She was probably not constructively notified by recording the deed in 1903. She had no occasion or duty to examine the records. New England Mortgage Security Co. v. Fry, 143 Ala. 637 (8), 42 So. 57, 111 Am.St. Rep. 62; Farmers' Union Warehouse Co. v. Barnett Bros., 223 Ala. 435(11), 137 So. 176; Kelley v. Cassels, 226 Ala. 410 (8), 147 So. 597; 41 Corpus Juris, 560. But whether she knew it or not, she cannot in equity now repudiate that sale made by her grandfather, assuming to act as executor, after she has given him a receipt in full as such executor, and without restoring to J. W. Brooks the amount he paid, which was used in settling the debts of the estate. She does not offer to do this.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

It is insisted that we were mistaken in supposing that the evidence was taken orally in open court. The record seems clearly to us to indicate that it was so. It recites that the cause came on to be heard in the circuit court on April 3, 1936, before Hon. W. W. Wallace, judge. The court then caused the witnesses to be sworn and put under the rule, and proceeded with their examination. If the court abandoned the hearing, and left it to the reporter, it does not so appear. If he was a mere spectator that is not so recited. It is our understanding of the record that it shows the presence and participation of the presiding judge at the time of the taking of the testimony.

But if we are mistaken in so interpreting the record, it is our opinion upon further consideration that the result reached by the trial judge was correct. The application is therefore overruled.

Application for rehearing overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.